**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 2:15-cv-01366-JRG-RSP<br>)<br>)<br>)<br>)<br>) |

**APPLE'S OPPOSITION TO PMC'S MOTION TO STRIKE
<u>UNDISCLOSED INVALIDITY THEORIES</u>**

**TABLE OF CONTENTS**

<u>Page</u>

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................2

III. ARGUMENT .........................................................................................................3

    A. Apple's Invalidity Contentions Fully Comply With Patent Rule 3-3 And Support The Opinions In The Report Of Anthony Wechselberger..............................................................................................4

        1. Prior Art Combinations............................................................................5

        2. Double Patenting.......................................................................................8

        3. Alleged Priority Date of the '635 Patent....................................................9

        4. The Campbell PCT Reference ................................................................10

        5. The Chandra And Nachbar References...................................................11

    B. PMC Has Not Suffered Any Prejudice ................................................................12

    C. PMC's Broad And Unwarranted Requested Relief, If Granted, Would Substantially and Irreparably Prejudice Apple ........................................14

IV. CONCLUSION....................................................................................................14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cummins-Allison Corp. v. SBM Co.*,
  No. 9:07-CV-196, 2009 WL 763926 (E.D. Tex. Mar. 19, 2009) ............................................. 8

*Finisar Corp. v. DirecTV Grp., Inc.*,
  424 F. Supp. 2d 896 (E.D. Tex. 2006) ................................................................................... 12

*Linex Techs., Inc. v. Belkin Int'l, Inc.*,
  628 F. Supp. 2d 703 (E.D. Tex. 2008) ..................................................................................... 5

*LML Patent Corp. v. JPMorgan Chase & Co.*,
  No. 2:08-CV-448, 2011 WL 5158285 (E.D. Tex. Aug. 11, 2011) .......................................... 7

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
  No. 14-CV-03657-SI, 2016 WL 4192009 (N.D. Cal. Aug. 9, 2016) ....................................... 9

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 6:08-CV-144-LED-JDL, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009) .............. 1, 5, 8, 10

*Tyco Healthcare Grp. L.P. v. Applied Med. Res. Corp.*,
  No. 9:06-CV-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009) .................................... 7, 12

*Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*,
  No. 2:14-CV-203-JRG-RSP, 2015 WL 7303352 (E.D. Tex. Aug. 25, 2015) .......................... 4

**Statutes**

P.R. 3-1(e) ................................................................................................................................... 10

P.R. 3-3 ..................................................................................................................................... 5, 9

**I.      INTRODUCTION**

PMC's "Motion to Strike Undisclosed Invalidity Theories" does not stay true to its title, as nearly all of the prior art and invalidity arguments that PMC seeks to strike were in fact disclosed in Apple's contentions.  PMC obliquely acknowledges this when it complains that Apple disclosed *too much* in its contentions, decrying the disclosure of "dozens of references that amount to millions of possible combinations," "numerous patents as potential grounds for asserting double patenting," and "challenge[s to] the priority date of each asserted patent."  *See* PMC Mot. at 1.  Apple's contentions in fact charted each prior art reference against each asserted claim, identified specific combinations upon which Apple intended to rely on for obviousness, and disclosed pages of explanation as to the motivation for combining these references.  PMC now objects that Apple's expert has focused on certain art and combinations, and provided further explanation to support the theories disclosed in the contentions, but this is a not a legitimate grievance.  Contentions are only required to put a party on "fair notice" of the invalidity defenses that will be pursued,[1] and Apple's contentions did that.

Most of PMC's motion is in fact a too-late (and meritless) complaint about the disclosure in Apple's P.R. 3-3 contentions.  If PMC wanted more detail about certain obviousness combinations (where the art was fully charted), or more detail about the motivation to combine these references (beyond the many pages of disclosure provided), it should have challenged the sufficiency of Apple's P.R. 3-3 contentions and/or moved to compel such detail when these contentions were served.  Indeed, PMC admits that it identified "numerous deficiencies" in "Apple's Invalidity Contentions, served February 2, 2016" and threatened a motion regarding these contentions in March (*id.* at 2, Ex. C), but then chose not to file a motion.  If PMC thought

---

[1]   *See Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144-LED-JDL, 2009 WL 4782062, at *2 (E.D. Tex. Dec. 8, 2009)  ("The purpose of Patent Rule 3–3 is to place the Plaintiff on notice of potentially invalidating art that Defendants will assert in their case and at trial.").

the level of detail in Apple's contentions was insufficient its recourse was to move to compel more detail at the time, rather than lie in wait until expert discovery before seeking to strip Apple of much of its invalidity case.

PMC's motion also fails to identify any tangible prejudice resulting from any alleged "new" theories, and ignores its recent statements that invalidity theories could be added without prejudice to PMC. The Court will recall that PMC sought and obtained leave at the end of discovery to amend its infringement theories, asserting the claims to cover different functionality via over 1500 pages of new contentions. Apple objected that, *inter alia*, the amended contentions applied the claims with broader scope, thus potentially altering the scope of potential prior art, to which PMC's lead counsel responded that PMC "wouldn't object, Your Honor, if they needed to amend their invalidity contentions." Ex. 1, 9/27/16 Tr. at 57:11-22. The Court granted PMC leave, and PMC's counsel should be held to his word. Even if Apple's expert report expands slightly on Apple's contentions served in February, PMC has acquiesced to any alleged "new" invalidity arguments in exchange for the significant expansion of its own theories in the case.[2]

In short, Apple's invalidity contentions fully complied with Local Patent Rule 3-3 and provided fair notice of the opinions in Mr. Wechselberger's expert report. Apple respectfully requests that PMC's motion be summarily denied.

## II.  FACTUAL BACKGROUND

Apple served its P.R. 3-3 invalidity contentions on February 2, 2016, in full compliance with this Court's Local Patent Rules. Dkt. 87. Apple's P.R. 3-3 contentions chart each reference

---

[2] To the extent PMC's motion focuses on the fact that Apple's invalidity arguments should have been first asserted in contentions before the reports were due, this ignores the fact that the reports were due ***less than two weeks later*** (just 12 days after the Court granted-in-part PMC's motion to amend its infringement contentions on September 28, 2016).

asserted against the then-asserted four patents and 31 claims. Specific combinations upon which Apple intended to rely on for obviousness were identified in Exhibit B of those contentions. *See* Ex. 2, Ex. B to Apple's 2/2/16 Invalidity Contentions. The motivation to combine the charted references was also described in great detail. *See* Ex. 3, Apple's 2/2/16 Invalidity Contentions at 9-20 ('091 Patent), 29-42 ('635 Patent), 55-65 ('649 Patent), and 74-85 ('088 Patent[3]).

On March 31, 2016, nearly two months after Apple served its P.R. 3-3 contentions, PMC sent Apple a letter complaining about the sufficiency of Apple's disclosure and threatening to file a motion to strike Apple's P.R. 3-3 contentions. Ex. 4, 3/31/16 Ltr. at 5 (requesting "a meet and confer on April 5 regarding a [sic] PMC's motion to strike"). Apple responded to PMC's letter on April 8, 2016, disagreeing with PMC's suggestion that Apple's contentions were in any way deficient and responding to the specific points raised in PMC's letter. Ex. 5, 4/8/16 Ltr. During a meet-and-confer, PMC maintained that Apple's contentions were deficient, and Apple maintained that its contentions were adequate. Decl. of Joel R. Merkin ("Merkin Decl.") ¶ 4. PMC then chose not to move to strike Apple's P.R. 3-3 contentions, waiting until expert discovery to revive the issue.

### III. ARGUMENT

PMC barely seeks to maintain any pretense that its motion is about something other than the sufficiency of Apple's P.R. 3-3 contentions. On the first page and second paragraph of its motion, PMC contends that "Apple's Invalidity Contentions, served February 2, 2016, contained numerous deficiencies and thus failed to provide fair notice to PMC of the invalidity positions disclosed for the first time in the Weschselberger [sic] Report." PMC Mot. at 1. But a motion to strike portions of an expert report is not the appropriate mechanism by which to address the

---

[3] PMC previously asserted Apple infringes the '088 patent; however, the Court found the asserted claim to be indefinite (Dkt. 246 at 51), and PMC dropped this patent from the case.

sufficiency of disclosure in P.R. 3-3 contentions. *See Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 7303352, at *1 (E.D. Tex. Aug. 25, 2015) (describing plaintiff's motion to strike expert opinions as "nothing more than a belated motion to strike Defendants' P.R. 3-3(b) disclosures" and finding objections to sufficiency of P.R. 3-3 disclosures waived due to extensive delay). In *ZiiLabs*, this Court considered an almost identical situation. The plaintiff in that case, like the one here, purported to identify deficiencies in the defendants' P.R. 3-3 invalidity contentions during discovery but never moved to have the contentions stricken or to compel the defendants to amend. Again like the plaintiff in this case, the plaintiff in *ZiiLabs* waited until receiving the defendants' invalidity expert report before moving to strike asserted combinations of prior art references on the basis of insufficient disclosure in the P.R. 3-3 invalidity contentions. This Court denied ZiiLabs' motion as belated, just as it should deny PMC's present motion.

Despite receiving Apple's supposedly "deficient" contentions on February 2, 2016, PMC waited nearly nine months before seeking any relief from this Court. If PMC was truly concerned about the sufficiency of the disclosure in Apple's P.R. 3-3 contentions, the time for it to seek redress was at the beginning of fact discovery, not after fact discovery and with trial looming three months away. The untimeliness of such a challenge alone merits denial of PMC's Motion. Regardless, Apple's invalidity contentions fully complied with P.R. 3-3 and support the opinions in Mr. Wechselberger's report. As such, PMC has suffered no prejudice and is entitled to no relief.

  **A.** **Apple's Invalidity Contentions Fully Comply With Patent Rule 3-3 And Support The Opinions In The Report Of Anthony Wechselberger**

Apple's invalidity contentions fully comply with P.R. 3-3. Local Patent Rule 3-3 requires the disclosure of invalidity contentions, including a chart of how each item of prior art

4

discloses each element, an identification of combinations that render a claim obvious, a description of any motivation to combine, and "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1)." P.R. 3-3. "Infringement contentions are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 713 (E.D. Tex. 2008) (internal citations omitted); *see also Realtime Data*, 2009 WL 4782062, at *2-3 (denying motion to strike combinations where the references were "charted individually in its invalidity contentions, but did not expressly chart the *combinations*" (emphasis in original), because the "invalidity contentions charting individual references and the corresponding expert reports sufficiently notified" plaintiff of the theory).

### 1. Prior Art Combinations

Though PMC describes the combinations addressed in Mr. Wechselberger's report as "previously undisclosed" and "late-disclosed," its own motion shows Apple did describe the combinations and that PMC has mischaracterized Apple's disclosure. PMC Mot. at 4-5. Local Patent Rule 3-3(b) requires the following information:

> Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified.

In its P.R. 3-3 contentions, Apple identifies with specificity each prior art reference that anticipates or renders obvious each asserted claim addressed in Mr. Wechselberger's report.[4] Each reference was charted in detail, on an element by element basis. *See*, *e.g.*, Ex. 6, Ex. C4 to Apple's 2/2/16 Invalidity Contentions (charting Gilhousen '901). A separate portion of Apple's Invalidity Contentions, Exhibit B, enumerated the combinations (upon which Mr. Wechselberger

---
[4] The Chandra and Nachbar references are separately addressed in detail below.

relies) in compliance with P.R. 3-3(b).  *See* Ex. 2, Ex. B to Apple's 2/2/16 Invalidity Contentions.

For example, regarding Claim 13 of the '091 Patent, Apple's disclosures describe that the claim is rendered obvious by certain primary references (*e.g.*, Gilhousen '901, Mason '422) in combination with other primary and secondary references (*e.g.*, Block '217).  Ex. 2, Ex. B to Apple's 2/2/16 Invalidity Contentions at B-3.  Each primary reference is individually charted, and each secondary reference is charted to apply in combination with various primary references.  *See, e.g.*, Ex. 6, Ex. C4 to Apple's 2/2/16 Invalidity Contentions (charting Gilhousen '901 as a primary reference), Ex. 7, Ex. C19 to Apple's 2/2/16 Invalidity Contentions (charting Block '271 in combination with Gilhousen '901).  Apple's P.R. 3-3 disclosures similarly describe possible combinations of prior art references for each of the other asserted claims.  *See*, *e.g.*, Ex. 2, Ex. B to Apple's 2/2/16 Invalidity Contentions at B-4, B-5, B-8, B-9, B-10, B-11, B-12, B-13.  Given the quantity of prior art that PMC itself disclosed on the face of the asserted patents—an estimated ***3000*** patents and publications—it is hardly surprising that the number of possible combinations of prior art references would be high.  *See* Dkt. 1-1, U.S. 8,191,091 at 1-33.

In addition, Apple's disclosures provide an extensive explanation as to why one of skill in the art at the time of the invention would have been motivated to combine these references.  *See* Ex. 3, Apple's 2/2/16 Invalidity Contentions at 9-20 ('091 Patent), 29-42 ('635 Patent), 55-65 ('649 Patent), and 74-85 ('088 Patent).  PMC misleadingly excerpts a quote from Apple's disclosures to suggest that Apple failed to provide any such explanation, leaving out the "nevertheless …" that precedes nearly 11 full pages of detailed discussion.  *Id*. at 10-20.  For example, Apple's contentions describe that

> U.S. Patent No. 5,109,413 to Comerford relates to a copy protection mechanism that separates the right to execute content from the content itself, and uses a secure coprocessor to decrypt

6

> the right to execute and content in a secure fashion. The disclosure of Comerford, along with well-known principles and the knowledge of one of ordinary skill in the art, would have led one of ordinary skill in the art to combine Comerford with any of the references in §§ I-II of Exhibit A to enhance, *inter alia*, the security, flexibility, and processing capabilities of the system.

*Id*. at 19. Apple's contentions provide similar explanations with regard to the Gilhousen, Mason, Frezza, Kelly, Campbell, Guillou, Aminetzah, and Mustafa references. *Id*. at 16-19, 38, 39, 62, 63, 83. Apple's contentions further explain that "[t]he substitution of one element in a media transmission and reception system could have been predictably achieved by one of ordinary skill at the time of the alleged invention" and that "work in one field of media transmission and reception such as broadcast television or teletext would have prompted variations of it for use in either the same field or a different one based on design incentives or other market forces." *Id*. at 15-16. Apple's contentions further describe that PMC itself "acknowledged in the '091 Patent, [that] prior to the '091 Patent it was well-known that communication systems transmitted data to devices that combined features of radio receivers, modems, and decryptors." *Id*. at 16.

Given these disclosures, the cases cited by PMC are readily distinguishable. Unlike Apple's P.R. 3-3 contentions here, the contentions at issue in the cases PMC cites either failed to disclose obviousness combinations at all, or failed to chart the obviousness references. *See*, *e.g.*, *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:08-CV-448, 2011 WL 5158285, at *4 (E.D. Tex. Aug. 11, 2011) (defendant included 28 new combinations that were not disclosed in its invalidity contentions); *Tyco Healthcare Grp. L.P. v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *3 (E.D. Tex. Mar. 30, 2009) (defendant "never disclosed" specific combinations with respect to particular claims); *Cummins-Allison Corp. v. SBM Co.*, No. 9:07-CV-196, 2009 WL 763926, at *5, *7 (E.D. Tex. Mar. 19, 2009) (striking combinations including references not disclosed in invalidity contentions).

7

In addition to misapplying *Cummins-Allison* to the facts at hand, PMC appears to misread that case as requiring a claim chart specific to each combination of references, in addition to claims charts for each component reference. *See* PMC Mot. at 5 n. 7 ("While Apple did provide claim charts for each reference independently, Apple failed to meet its obligation under Local Patent Rule 3-3(c), to provide charts explaining how each element of the asserted claims is met by each reference in an asserted combination."). There is no such requirement in P.R. 3-3. *Realtime Data*, 2009 WL 4782062, at *2-3 (denying motion to strike combinations where the references were "charted individually in its invalidity contentions but did not expressly chart the *combinations*" (emphasis in original), because the "invalidity contentions charting individual references and the corresponding expert reports sufficiently notified" plaintiff of the theory). PMC fails to cite any case in which contentions were struck where the party—like Apple here— disclosed all prior art references relied upon by the experts, disclosed all obviousness combinations, and disclosed motivations to combine.

Because Apple's P.R. 3-3 invalidity contentions expressly disclose each combination relied upon for obviousness in Mr. Wechselberger's expert report, there is no basis to strike any of Mr. Wechselberger's obviousness opinions.

### 2. Double Patenting

As PMC's own brief concedes (PMC Mot. at 8-9), Apple's invalidity contentions specifically allege that the asserted claims of the '091 and '635 Patents "are invalid for double patenting based on the claims of prior patents to the same invention to the same named inventors." Ex. 3, Apple's 2/216 Invalidity Contentions at 27, 52-3, 72. In each case, Apple's contentions identify specific invalidating patents and claims and further allege that the asserted claims are obvious in view of the specifically identified claims alone or in combination with charted prior art references. *Id.* Apple provided this extensive information despite the fact that

8

the Local Patent Rules do not require disclosure of grounds of invalidity based on double patenting. P.R. 3-3; *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2016 WL 4192009, at *3 (N.D. Cal. Aug. 9, 2016) (interpreting N.D. Cal.'s equivalent invalidity contention rule, finding that "[w]hile it may be prudent for a party to disclose obviousness-type double patenting in its invalidity contentions, … such disclosures are not specifically required by the plain language of Local Rule 3-3 as either prior art disclosures covered by 3-3(a)-(c) or statutory defenses covered by 3-3(d)."). Notwithstanding these disclosures, and citing no authority in support of its position, PMC asks the Court to "preclude Apple from presenting testimony on double-patenting" and to strike nearly 200 paragraphs of Mr. Wechselberger's report. PMC Mot. at 9.

Because Apple's P.R. 3-3 invalidity contentions expressly disclose Apple's double patenting positions relied upon in Mr. Wechselberger's expert report, there is no basis to strike any of Mr. Wechselberger's double patenting opinions.

### 3. Alleged Priority Date of the '635 Patent

PMC's complaint regarding the priority date to which the '635 Patent is entitled is similarly unavailing. Apple's P.R. 3-3 contentions explicitly state that "Apple's disclosure of prior art is premised on the alleged priority date of the '635 Patent, namely, November 3, 1981" but that "Apple contends ***PMC is not entitled to this alleged priority date***." Ex. 3, Apple's 2/2/16 Invalidity Contentions at 29 (emphasis added). PMC's contention that "Apple provided no genuine notice to PMC that it intended to contest the priority date of the '635 Patent" is simply false. PMC Mot. at 7. Nor does PMC cite any authority in support of its argument that more specific disclosure was required of Apple. The portion of the *Realtime* case to which PMC cites addressed the sufficiency of the defendant's disclosure of prior art combinations and has no

9

bearing on the disclosure requirements for arguments as to the priority date to which an asserted patent is entitled. *See Realtime Data*, 2009 WL 4782062, at *3.

In fact, Apple was under no obligation to disclose anything with regard to the alleged priority date of the '635 Patent. The Local Patent Rules require only that "*a party claiming patent infringement*" disclose "the priority date to which each asserted claim allegedly is entitled," not that defendants disclose their disagreement or their intent to contest it. *See* P.R. 3-1(e). Furthermore, Apple's contentions identified at least five patents *that post-date the alleged 1981 priority date* to be prior art to the '635 Patent, again making clear that Apple did not agree that the '635 Patent was entitled to the 1981 priority date. *See* Ex. 8, Ex. A to Apple's 2/2/16 Invalidity Contentions at A3-A4

The record thus demonstrates that PMC cannot credibly claim that Apple's P.R. 3-3 contentions did not give PMC notice that Apple challenges the alleged 1981 priority date of the '635 Patent.

### 4. The Campbell PCT Reference

PMC also seeks to strike portions of Mr. Wechselberger's report addressing the Campbell PCT reference. But that reference (more formally, Publication No. WO 81/02961) was identified and charted in Apple's P.R. 3-3 disclosures. Apple's chart describing prior art from a company named "Tocom" cites to specific disclosures in Campbell PCT for each and every element of the asserted claims of the '635 Patent. Ex. 9, Ex. D20 to Apple's 2/2/16 Invalidity Contentions. Moreover, as Mr. Weschselberg's report notes, "Campbell PCT shares an identical specification with U.S. Patent No. 4,536,791 to Campbell et al.," which was also fully charted in Apple's P.R. 3-3 disclosures. Ex. 10, Wechselberger Report ¶ 458; Ex. 11, Ex. D10 to Apple's 2/2/16 Invalidity Contentions.

PMC dismissively describes Apple's contentions as having "made only passing reference to the application number for Campbell PCT." But the disclosures are clear that even where citations were made to the U.S. Campbell patent for ease of reference, the identical PCT publication is what was relied on for priority: "U.S. Patent No. 4,536,791 (filed March 31, 1981; issued August 20, 1985; *published Oct. 15, 1981 as WO 81/02961*) ('Campbell '791')." Ex. 8, Ex. A to Apple's 2/2/16 Invalidity Contentions at A-4 (emphasis added). Apple's P.R. 3-3 contentions likewise describe combinations of the Tocom references and the Campbell '791 reference with Guillou. Ex. 2, Ex. B to Apple's 2/2/16 Invalidity Contentions, at B-8.

Because Apple's P.R. 3-3 invalidity contentions expressly identify and chart the Campbell PCT reference and disclose its combination with Guillou as invalidating the '635 Patent under 35 U.S.C. § 103, there is no basis to strike any of Mr. Wechselberger's opinions based on that reference.

### 5. The Chandra And Nachbar References

Although Apple did not chart the Chandra[5] or Nachbar references in its P.R. 3-3 contentions, Apple did identify as prior art those references that served as the basis for invalidity in the pending IPRs of related patents. Ex. 3, Apple's 2/2/16 Invalidity Contentions at 5-6. The Nachbar publication was among those references. Ex. 12, *Amazon.com, Inc. v. Personalized Media Commc'ns, LLC*, IPR2014-01528 Petition (P.T.A.B. filed Sep. 22, 2014), at 10, 17-20.

In addition, at the hearing pertaining to PMC's motion to amend its infringement contentions, which took place less than two weeks before the deadline for opening expert reports, PMC's lead counsel informed the Court that PMC "wouldn't object … if [Apple] needed to amend their invalidity contentions." Ex. 1, 9/27/16 Tr. at 57:11-22. But given the imminent

---

[5] Though Chandra is incorporated by reference in U.S. Patent No. 5,109,413 which was charted in Apple's P.R. 3-3 contentions.

11

deadline for service of opening expert reports, the inclusion of these references in Mr. Wechselberger's expert report was appropriate, as no notice function would have been served by amending Apple's invalidity contentions. *See Tyco*, 2009 WL 5842062, at *1 ("The purpose of the Local Rules is to 'further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases.'"). Any such amended contentions identifying the Chandra and Nachbar references would have been served *after* Apple's expert invalidity report and would thus have served no purpose.[6]

Moreover, as described more fully below, PMC has suffered no prejudice as a result of Mr. Wechselberger's inclusion of the Chandra and Nachbar references among his invalidity opinions. PMC itself produced the Nachbar and Campbell PCT references on April 5, 2016 and April 7, 2016, respectively, and was thus obviously aware of their relevance to the asserted patents. *See* Merkin Decl. ¶ 5. This Court has previously allowed for the admission of undisclosed references where the plaintiff had not made "a showing of unfair prejudice" in the use of the reference. *Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 900-01 (E.D. Tex. 2006). That is the case here.

### B. PMC Has Not Suffered Any Prejudice

Though PMC argues that it has been prejudiced by Apple's "untimely disclosure" of combinations and motivations to combine, its brief is telling in its failure to describe any specific prejudice. In fact, PMC has suffered none. The arguments that PMC's experts, Dr. Weaver and Dr. Russ, make in response to the majority of the references and combinations addressed in Mr. Wechselberger's report are nearly word-for-word reproductions of declarations that they submitted to the Patent Trial and Appeal Board on June 24, 2016, more than four months before

---

[6] Moreover, the Court recently issued its Markman Order, and Apple should be permitted to amend its contentions to add these references without leave of Court pursuant to P.R. 3-6(a)(2) on this basis as well.

12

the deadline for rebuttal expert reports. *Compare*, *e.g.*, Ex. 13, Weaver Rebuttal Report, ¶¶ 576-77, 579-93 *with* Ex. 14, IPR2016-00754 ('635), Exhibit 2001, ¶¶ 255-71; *compare*, *e.g.*, Ex. 13, Weaver Rebuttal Report, ¶¶ 120-41, 161-72, 192-204, 226-36 *with* Ex. 15, IPR2016-00755 ('091), Exhibit 2001, ¶¶ 131-52, 177-88, 206-18, 239-49; *compare*, *e.g.*, Ex. 16, Russ Rebuttal Report, ¶¶ 110-15 *and* 163-69 *with* Ex. 17, IPR2016-00753 ('649), Exhibit 2001, ¶¶ 185-90 *and* 142-48. Those declarations were filed in response to Apple's petitions for *inter partes* review, filed on March 14, 2016, which asserted invalidity on the basis of the same prior art references and combinations as those now challenged by PMC. *See* Merkin Decl. ¶ 6. PMC can hardly claim to be prejudiced when it did nothing more than repurpose its *inter partes* review responses as expert rebuttal reports.

Similarly, the Chandra reference and its combination with Nachbar, addressed in paragraphs 501-09 of Mr. Wechselberger's report, were presented in detail in an IPR petition filed by Apple on July 30, 2016, three months before the deadline for expert rebuttal reports. Ex. 18, IPR2016-001520 ('635) Petition at 29-45. The petition also presented detailed arguments, referenced in paragraphs 339-41 of Mr. Wechselberger's report, as to why the '635 Patent is not entitled to a priority date of November 3, 1981. Ex. 18, IPR2016-001520 ('635) Petition at 4-13. Notably, PMC filed a preliminary response, accompanied by a declaration from Dr. Weaver, addressing each of these points on November 17, 2016, just over two weeks after the deadline for rebuttal expert reports. *See* Ex. 19, IPR2016-01520 ('635), Exhibit 2001. The arguments in Dr. Weaver's *inter partes* review declaration are nearly identical to those in his rebuttal expert report. *Compare*, *e.g.*, Ex. 13, Weaver Rebuttal Report, ¶¶ 416-53 *and* 730-42 *and* 716-29 *and* 743-46 *with* Ex. 19, IPR2016-01520 ('635), Exhibit 2001, ¶¶ 92-130 *and* 157-69 *and* 173-86 *and* 187-90. Having already developed and presented responsive arguments in both Dr. Weaver's

13

rebuttal expert report and in the pending IPR, PMC can hardly claim that it will be prejudiced if Apple is permitted to rely upon the Chandra and Nachbar references.

### C. PMC's Broad And Unwarranted Requested Relief, If Granted, Would Substantially and Irreparably Prejudice Apple

Though couched elsewhere in sterile recitations of paragraph numbers, the extraordinary relief that PMC requests of this Court is presented unvarnished in the very first sentence of its brief, where PMC seeks to strike Apple's invalidity positions based on "any" combination of prior art references and "any" motivation to combine references:

> [PMC] moves to strike portions of the Expert Report of Anthony J. Wechselberger … that assert invalidity of the patents in suit based on: i) *any* combination of prior art references, ii) *any* motivation to combine references, iii) a priority date for the '635 patent later than November 3, 1981; iv) the Nachbar, Chandra, and Campbell PCT references; and v) non-statutory double patenting.

PMC Mot. at 1 (emphasis added). But PMC's draconian requests are unjustified by the facts of this case, unsupported by the law, and grossly out of proportion to any harm allegedly suffered by PMC. By contrast, if PMC's requests are granted, Apple's ability to present a defense based on invalidity of the asserted patents would be severely constrained, as many of Apple's arguments rely on the combinations of prior art that PMC seeks to strike. Given the circumstances and the importance of Apple's invalidity contentions, striking any of Mr. Wechselberger's opinions is unwarranted.

### IV. CONCLUSION

Given the disclosure in Apple's P.R. 3-3 contentions, the complete lack of prejudice to PMC, and the substantial prejudice to Apple if the Motion is granted, Apple respectfully requests that this Court deny PMC's motion to strike.

14

Dated:  November 28, 2016               Respectfully submitted,

/s/Marcus E. Sernel, P.C.

Marcus E. Sernel, P.C. (*admitted pro hac vice*)
Joel R. Merkin (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
E-mail:  marc.sernel@kirkland.com
E-mail:  joel.merkin@kirkland.com

Gregory S. Arovas, P.C. (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
E-mail:  greg.arovas@kirkland.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
E-mail:  Melissa@gillamsmithlaw.com

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 28, 2016.

*/s/ Melissa R. Smith*