# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) Case No. 2:15-cv-01366-JRG-RSP<br>) |
| APPLE, INC., | )<br>)<br>) |
| Defendant | )<br>) |

**PERSONALIZED MEDIA COMMUNICATIONS, LLC'S OPPOSITION TO APPLE, INC.'S MOTION FOR SUMMARY <u>JUDGMENT OF INVALIDITY UNDER SECTION 101</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT............................2

III. RESPONSE TO APPLE'S STATEMENT OF PURPORTEDLY UNDISPUTED MATERIAL FACTS ...........................................................................2

IV. PMC'S COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS .................3

V. ARGUMENT.........................................................................................................................6

    A. Apple's Motion is Barred By The Law of the Case Doctrine.................................6

        1. The law of the case doctrine bars Apple from re-litigating legal issues already decided by the Court at the 12(b)(6) stage .............................6

        2. Apple has failed to identify any change in law that would justify re-litigating a legal issue that this Court decided ...............................................7

        3. Apple has failed to identify any new facts that would justify re-litigating a legal issue that this Court has decided.........................................8

        4. Apple has failed to show how the Court's claim construction requires a different result; it does not ............................................................10

    B. Apple Has Failed to Meet its Burden for Summary Judgment..............................11

    C. Analysis of Representative Claims is Inappropriate..............................................11

    D. The Asserted Claims of the Patents are Not Directed to Abstract Ideas ...............12

    E. The Asserted Claims are Directed to Inventive Concepts .....................................13

VI. CONCLUSION....................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) .................................................................................. 6

*Accenture Global Servs., GmbH v. Guidewire Software*,
  728 F.3d 1336 (Fed. Cir. 2013) .................................................................................. 8

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
  838 F.3d 1253 (Fed. Cir. 2016) .................................................................................. 7

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  134 S. Ct. 2347 (2014) ........................................................................................ 8, 12

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
  _ F.3d _, 2016 WL 6440387 (Fed. Cir. Nov. 1, 2016) .............................................. 8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................. 11

*Bascom Glob. Internet Servs. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016) .................................................................................. 8

*Bianco v. Globus Medical Inc.*,
  30 F. Supp.3d 565 (E.D. Tex. 2014) .......................................................................... 9

*Bundy v. Dolenz*,
  2002 WL 1160075, (N.D. Tex. May 30, 2002) ........................................................ 6

*DDR Holdings, LLC v. Hotels.com, L.P.*,
  773 F.3d 1245 (Fed. Cir. 2014) ................................................................................ 13

*Diamond v. Diehr*,
  450 U.S. 175 (1981) .................................................................................................. 11

*Douglas v. United Servs. Auto Ass'n*,
  79 F.3d 1415 (5th Cir. 1996) (*en banc*) .................................................................... 1

*Elec. Power Grp. LLC v. Alstom, S.A.*,
  830 F. 3d 1350 (Fed. Cir. 2016) ................................................................................ 7

*Enfish, LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016) ...................................................................... 8, 10, 12

*Fr. Telecom S.A. v. Marvell Semiconductor, Inc.*,
  39 F. Supp.3d 1080 (N.D. Cal. 2014) ...................................................................... 12

*Intellectual Ventures I LLC v. Symantec Corp.*,
  838 F.3d 1307 (Fed. Cir. 2016) .................................................................................. 7

*Internet Patents Corp. v. Active Network, Inc.*,
  790 F.3d 1343 (Fed. Cir. 2015) ................................................................................ 12

*Jamesbury Corp. v. Litton Indus. Prod., Inc.*,
    839 F.2d 1544 (Fed. Cir. 1988) .................................................................................. 6

*Lovell v. Comsewogue Sch. Dist.*,
    2005 WL 1398102 (E.D.N.Y. June 15, 2005) ........................................................... 7

*Massey v. Novartis Pharm. Corp.*,
    46 F. Supp.3d 688 (W.D. Tex. 2014) ......................................................................... 6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................................. 11

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
    132 S. Ct. 1289 (2012) ............................................................................................. 13

*McRO, Inc. v. Bandai Namco Games Am., Inc.*,
    837 F.3d 1299 (Fed. Cir. 2016) ................................................................................. 8

*Morrow v. Dillard,*
    580 F.2d 1284 (5th Cir. 1978) ................................................................................... 6

*Nobel Ins. Co. v. City of N.Y.*,
    2006 WL 2848121 (S.D. N.Y. Sept. 29, 2006) .......................................................... 7

*Provident Life and Acc. Ins. Co. v. Goel*,
    274 F.3d 984 (5th Cir. 2001) ..................................................................................... 9

*Rittgers v. U.S.*,
    131 F. Supp.3d 644 (S.D. Tex. 2015) ........................................................................ 6

*Synopsys, Inc. v. Mentor Graphics Corp.*,
    839 F.3d 1138 (Fed. Cir. 2016) ................................................................................. 8

*Ultramercial, Inc. v. Hulu, LLC,*
    772 F.3d 709 (Fed. Cir. 2014) .................................................................................. 12

**Statutes**

35 U.S.C. § 101 ............................................................................................................. 1, 8, 10

I.      INTRODUCTION

In filing its motion to dismiss, Apple represented to this Court that the patentability of the asserted claims could be decided as a matter of law and based on the record as it existed. Having lost its motion to dismiss and making the tactical decision not to object to the Court's Report and Recommendation, Apple filed the instant motion for summary judgment in a blatant attempt to re-litigate issues already decided by this Court. Not only is Apple seeking a second bite at the apple, it does not even acknowledge that the Court has already decided, as a matter of law, that the claims of the '635, '091 and '649 Patents are not directed to abstract ideas and are patentable under Section 101. *See* Rpt. & Recomm. (D.I. 209); Order adopting Rpt. & Recomm. and denying Apple's Motion to Dismiss (D.I. 230) ("the asserted patents are directed to patent-eligible subject matter under 35 U.S.C. § 101"). The law of the case doctrine bars Apple from presenting to the Court an argument the Court has already rejected as a matter of law. Apple puts forth no new relevant facts, nor has the legal standard under Section 101 changed since the time Apple briefed its prior motion. Indeed, Apple does not point to any specific facts in the Court's analysis that have now proven false. Nor can it. The Court's analysis correctly focused on the language of the patent claims in light of the specification. Neither the claims nor the specification have changed since the Court's prior ruling.

Moreover, because Apple did not file any objections to the Report and Recommendation it is "bar[red]… from *de novo* review by the district judge of those recommendations, findings, and conclusions, except on grounds of plain error," and "from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court." D.I. 209 at 23-24 (citing *Douglas v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636 (b)(1)). So, regardless of whether law of the case applies, the Court's prior decision is only reviewable for "plain error," a standard

Apple does not even try to satisfy in its motion.

Finally, Apple has failed to meet its burden of showing that it is entitled to judgment as a matter of law. PMC has put forth disputes concerning material facts that preclude summary judgment in Apple's favor.

## II.     STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

Each of the three issues set forth in Apple's motion have already been decided by the Court. *See* D.I. 209; D.I. 230. Apple failed to object to the recommendations, findings and conclusions in the Report & Recommendation and is barred from *de novo* review of those recommendations, findings and conclusions, except on grounds of plain error, which it failed to identify.

## III.    RESPONSE TO APPLE'S STATEMENT OF PURPORTEDLY UNDISPUTED MATERIAL FACTS

1. Admitted.

2. PMC admits that Ex. 1 is an inventory of components for PMC's prototype, but, denies that such components were conventional as of 1981 or 1987. Some of the components were manufactured in 1988 and 1989. *See* Ex. 1. *See also* Ex. 2 at 488:19-22.

3. Denied. Mr. Harvey indicated that a manual decryptor was used. Ex. 2, 387:17-388:11.

4. Admitted.

5. Denied. Mr. Harvey testified that the inventions were "platform agnostic" meaning that many different devices have the potential to perform the claimed inventions. Ex. A (Harvey Tr.) at 356:16-359:20 (submitted herewith).

6. Denied. Mr. Harvey testified that his invention was to apply decryption and encryption in a new environment and in new ways. Ex. 2, 92:9-20. He further testified that

2

because his inventions changed decryption patterns, fashions and techniques, they "may result in something that is a different combination." Ex. A at 390:9-395:20.

      7.      PMC admits this, but denies its relevance.

      8.      PMC admits this, but denies its relevance.

### IV. PMC'S COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS

      1.      The Court found that the claims of the '635 Patent are directed to methods of using a "control signal" with associated "digital programming" to "decrypt programming" "based on" the "control signal." Rpt. & Recomm. (D.I. 209) at 10; D.I. 230; '635 Patent (D.I. 18-2), Col. 285, ll. 62-64; Col. 286, ll. 3-4 (claim 1 recites the "control signal" in five of six steps). Apple did not object to this finding. *See also* Weaver Dec. (D.I. 83-4), ¶¶ 121-124.

      2.      The Court found that the claims of the '635 Patent are not directed to "converting information from one format to another." D.I. 209 at 10; D.I. 230. Apple did not object to this finding. *See also* D.I. 83-4, ¶¶ 121-124.

      3.      The Court found that the claims of the '635 Patent are directed to using a "control signal" to control decryption and improve the way in which "encrypted digital programming" is delivered. D.I. 209 at 11; D.I. 230. Apple did not object to this finding. *See also* D.I. 83-4., ¶¶ 121-124.

      4.      The Court found that the '635 Patent teaches that transmitting a "control signal" with the programming enhances the reliability of its delivery which in turn, increases the processes a "control signal" can control. D.I. 209 at 11; D.I. 230. Apple did not object to this finding. *See also* D.I. 83-4, ¶¶ 121-124.

      5.      The Court found that the '635 Patent teaches that a "control signal" that is sent with the programming "cannot become separated inadvertently from the programming and, thereby inhibit automatic processing. [The signal can] occur at precise times in programming

and can synchronize the operation of receiver station apparatus to the timing of programming transmission." D.I. 209 at 11; D.I. 230; '635 Patent, Col. 7, ll. 51-56.  Apple did not object to this finding.

6. The Court found that the '635 Patent specification suggests that decrypting "digital programming" "based on" the "control signal" is one way to make a receiving device automatically decrypt transmitted data.  D.I. 209 at 12; D.I. 230; '635 Pat., Col. 75, ll. 18-45.  Apple did not object to this finding.

7. The Court found that because the claims of the '635 Patent are directed to using a "control signal" associated with "digital programming" to "decrypt programming" "based on" the "control signal," they are not directed to abstract ideas.  D.I. 209 at 12; D.I. 230.  Apple did not object to this finding.

8. The Court found that even if the '635 Patent claims were directed at an abstract idea such as "converting information from one format to another," the additional elements of the claims would transform the claims into patent-eligible applications of that idea.  D.I. 209 at 13; D.I. 230.  Apple did not object to this finding.  *See also* D.I. 83-4, ¶¶ 125-127.

9. The Court found that claim 13 of the '091 Patent is directed to methods of using an "instruct-to-enable signal" included in "digital information" to "determine a fashion" in which a station "locates" a "decryption key" that can be used to decrypt "encrypted information." D.I. 209 at 14-15; D.I. 230; '091 Pat., (D.I. 18-1) Col. 285, l. 61-Col. 286, l. 9.   Apple did not object to this finding.  *See also* D.I. 83-4, ¶¶ 61-62, 81-85.

10. The Court found that claim 13 of the '091 Patent is not directed to an abstract idea, but, rather, describes improvements to the delivery of "instruct-to-enable signals" and a technical way to decrypt transmitted information.  D.I. 209 at 15-16; D.I. 230.   Apple did not

object to this finding.  *See also* D.I. 83-4, ¶¶ 81-85.

11. The Court found that the '091 Patent says that transmitting the "instruct-to-enable signal" in the "information transmission" of claim 13 of the '091 Patent improves the reliability of the signal's delivery thereby increasing the number of functions the "instruct-to-enable signal" can control because the signal can "occur at precise times in programming and can synchronize the operation of receiver station apparatus to the timing of programming transmission."  D.I. 209 at 16; D.I. 230; '091 Pat., Col. 7, ll. 51-56.  Apple did not object to this finding.  *See also* D.I. 83-4, ¶¶ 63-69.

12. The Court found that the '091 Patent specification shows that decrypting "digital programming" "based on" the "control signal" can be a technical solution for causing a receiving device to decrypt a transmission.  D.I. 209 at 16; D.I. 230; '091 Patent, Col. 75, ll. 43-59.

13. The Court found that even if claim 13 of the '091 were directed to an abstract idea, the additional elements of the claim transform it into a patent-eligible application of that idea.  D.I. 209 at 17; D.I. 230.  Apple did not object to this finding.  *See also* D.I. 83-4, ¶¶ 86-89.

14. The Court found that claim 39 of the '649 Patent is directed to a method of using "control information" from a "message stream" to control the input of "digital television signals" to two or more processors and processing the signals simultaneously.  D.I. 209 at 18-19; D.I. 230; '649 Pat. (D.I. 18-3), Col. 290, l. 51 to Col. 291, l. 4.  Apple did not object to this finding.  *See also* D.I. 83-4, ¶¶ 131-135.

15. The Court found that using "control information" to control the input of "digital television signals" is not an abstract idea but, rather, a technological way of remotely directing the input of "digital television signals" into two or more processors.  D.I. 209 at 19; D.I. 230.  Apple did not object to this finding.  *See also* D.I. 83-4, ¶¶ 142-147.

16. The Court found that even if claim 39 of the '649 Patent were directed to an abstract idea, the additional elements of the claim transform it into a patent-eligible application of that idea. D.I. 209 at 20; D.I. 230. Apple did not object to this finding. *See also* D.I. 83-4, ¶¶ 148-150.

## V. ARGUMENT

### A. Apple's Motion is Barred By The Law of the Case Doctrine

#### 1. The law of the case doctrine bars Apple from re-litigating legal issues already decided by the Court at the 12(b)(6) stage

The law of the case doctrine bars a party from presenting to a court an argument the court has already rejected. *See, e.g.*, *Massey v. Novartis Pharm. Corp.*, 46 F. Supp.3d 688, 691 (W.D. Tex. 2014) ("The existence of a prior ruling invokes the law-of-the-case doctrine, which provides that settled issues will not be revisited during the pendency of a lawsuit."); *Bundy v. Dolenz*, 2002 WL 1160075, at *1 (N.D. Tex. May 30, 2002) ("Under the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."); *Rittgers v. U.S.*, 131 F. Supp.3d 644, 648 n.1 (S.D. Tex. 2015) (same). *See also Morrow v. Dillard,* 580 F.2d 1284, 1289 (5th Cir. 1978) (law of the case doctrine is based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter).[1]

The law of the case doctrine applies to a legal issue decided at the 12(b)(6) stage, such as the Court's conclusions here that the patent claims at issue are not directed to abstract ideas and, even if abstract, that the additional elements transform the asserted patent claims into patent-eligible applications of the ideas. *See, e.g., Nobel Ins. Co. v. City of N.Y.*, 2006 WL 2848121, at

---

[1] Regional circuit law applies to the law of the case doctrine because it is a procedural matter not unique to patent law. *Jamesbury Corp. v. Litton Indus. Prod., Inc.*, 839 F.2d 1544, 1550 n.20 (Fed. Cir. 1988), *overruled on other grounds by A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992).

\*4 (S.D. N.Y. Sept. 29, 2006) ("[t]o the extent, …, that [the motion to dismiss included] legal conclusions which are not in any way altered by discovery, or by subsequent developments in the law, the Court will not here reconsider those prior rulings."); *Lovell v. Comsewogue Sch. Dist.*, 2005 WL 1398102, at \*7 (E.D.N.Y. June 15, 2005) (stating, in summary judgment decision, "I am therefore bound by the law of the case doctrine to conform to Judge Spratt's legal rulings on the issues before him on the Rule 12(b)(6) motion").

The Court's decision denying Apple's motion to dismiss established, as a matter of law, that PMC's patents are patentable under Section 101. Indeed, Apple argued in its motion to dismiss, "Unlike in many other cases, this Court has all the information necessary to invalidate the claims under § 101 now, at the pleading stage, saving judicial and party resources," (D.I. 34 at 2); the Court has "more than sufficient information to analyze the abstractness of the claims and dispose of PMC's case at the pleadings stage," (*Id*.); and "[p]atent eligibility under § 101 is a question of law" (*Id*. at 7). Even in its current summary judgment motion, Apple again states "whether a patent claims ineligible subject matter under § 101 is an issue of law." D.I. 264 at 3.

Thus, if questions of patent validity under Section 101 are questions of law, and questions of law cannot be re-litigated, law of the case precludes Apple from re-litigating validity under Section 101.

### 2. Apple has failed to identify any change in law that would justify re-litigating a legal issue that this Court decided

Nor can Apple argue that a change in the law provides a basis for not applying law of the case. Apple cites three new Federal Circuit decisions under § 101 that find claims unpatentable, but Apple fails to explain how those cases change the law at all.[2] Though Apple's cases may

---

[2] Apple relies upon *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253 (Fed. Cir. 2016); *Elec. Power Grp., LLC v. Alstom, S.A.*, 830 F. 3d 1350, 1353 (Fed. Cir. 2016); and *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307 (Fed. Cir. 2016).

provide new data points, the legal standard they apply is exactly the same as that already applied by the Court in its prior ruling. Apple identifies nothing incorrect about the law applied in the Report & Recommendation, as adopted by the district court.[3] There has been no change in the law regarding Section 101 since the Court's earlier decision. The same two-part test under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2347 (2014), that applied to the Court's prior decision continues to apply today.

### 3. Apple has failed to identify any new facts that would justify re-litigating a legal issue that this Court has decided

Moreover, Apple never identifies any factual assumptions that underlie the Court's original decision on Apple's motion to dismiss that have since been undermined by discovery. Nor could it because, as the Federal Circuit has repeatedly emphasized, the § 101 inquiry focuses on the patent claims themselves. *See, e.g., Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016) ("The § 101 inquiry must focus on the language of the Asserted Claims themselves."); *Accenture Global Servs., GmbH v. Guidewire Software,* 728 F.3d 1336, 1345 (Fed. Cir. 2013) ("The important inquiry for a § 101 analysis is to look to the claim."). The Court's analysis never assumed any specific facts were true that have now been proven false.

---

[3] Indeed, if there has been any change in the law since the Court's prior ruling, the law has changed in PMC's favor given the Federal Circuit's subsequent decisions in *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.,* __ F.3d __, 2016 WL 6440387 (Fed. Cir. Nov. 1, 2016) (finding that patent claims were tied to specific structures of various components (network devices, gatherers, ISMs, central event manager, central database, user interface server, terminals/clients) and were narrowly drawn to not preempt any and all generic manners, but were purposefully arranged in a distributed architecture to achieve a technological solution to a technological problem specific to computer networks); *McRO, Inc. v. Bandai Namco Games Am., Inc., McRO, Inc.,* 837 F.3d 1299 (Fed. Cir. 2016) (reversing grant of judgment on the pleadings and finding that the ordered combination of claimed steps, using unconventional rules that relate sub-sequences of phonemes, timings, and morph weight sets, are not directed to abstract ideas). It should be noted that the Report & Recommendation already considered the Federal Circuit's recent decisions in *Enfish, LLC v. Microsoft Corp.,* 822 F.3d 1327, 1335 (Fed. Cir. 2016) and *Bascom Glob. Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016).

The Court simply interpreted the claims in light of the specification to determine that the claims were not directed to abstract ideas. None of the deposition testimony Apple cites undermines anything the Court said in deciding what the claims were directed to.[4] Apple just proposed different characterizations of what the claims are "directed to" – different both from what Apple proposed in its briefing on its prior motion to dismiss and what the Court decided – without explaining why the Court's findings are wrong (which it failed to do when it did not file objections to the Court's Report and Recommendation). *Compare* Apple's characterization of claim 13 of the '091 Patent in its motion to dismiss ("The '635 and '091 patents fail to claim anything other than the abstract idea of converting information from one format to another") (D.I. 34 at 1) *to* its current characterization ("claim 13 of the '091 patent … is directed to the abstract idea of using an instruct-to-enable signal to decrypt (convert from unintelligible to intelligible) information") (D.I. 264 at 6) *to* the Court's finding ("The Court finds the elements of claim 13 show that the claim is directed to a method of using an 'instruct-to-enable signal' included in 'digital information' to locate a 'decryption key' that can decrypt 'encrypted information.'") (D.I. 209 at 14).

Further, the new "facts" Apple relies upon from discovery, *e.g.*, the inventors' testimony that certain components of the asserted claims were known or conventional, do not change the Court's prior decision for several reasons. First, such "facts" are not considered under step one of the *Alice* analysis which is focused on **the claims** in light of **the specification**. *See, e.g.*,

---

[4] Apple also relies upon its expert report for its contentions that certain claim elements are directed to conventional components. *See, e.g.*, D.I. 264 at 7, 8, 9, 10. However, an expert report is not admissible evidence. It is hearsay and, absent agreement to its admission, is inadmissible. *See, e.g., Bianco v. Globus Medical Inc.*, 30 F. Supp.3d 565, 570 (E.D. Tex. 2014); *Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("unsworn expert reports … do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the Court when ruling on a motion for summary judgment.").

*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-39 (Fed. Cir. 2016) (reversing district court's summary judgment § 101 invalidity ruling under step one without considering any facts from discovery – the "focus" of step one is on the claims in light of the specification). The Court has found, as a matter of law, that the asserted claims of the '635, '091 and '649 Patents are not directed to abstract ideas. Moreover, as to step two of the *Alice* inquiry, the Court already took into account that some claim elements were comprised of conventional components, *see* D.I. 209 at 12-13 ("Digital programming," "encryption," and "decryption" all existed before the priority date of the '635 patent); and at 17 ("Apple has pointed out that many of the elements of [claim 13 of the '091 patent] were known before the priority date of the '091 patent."); and at 20 ("The parties would agree that all of the components described in the '649 patent, such as a "control processor" or "memory" were well-known in the art before the priority date of the '649 patent.") Notwithstanding the conventionality of certain recited claim components, the Court found that the additional elements of the claims transform them into patent-eligible applications of the ideas under step two. Thus, Apple's so-called "new" "facts" developed during discovery do nothing to undermine the Court's step two *Alice* analysis.

### 4. Apple has failed to show how the Court's claim construction requires a different result; it does not

Finally, the fact that the Court has rendered its claim construction decision since ruling on Apple's motion to dismiss does not preclude application of law of the case here. Apple never even cites to the court's claim construction decision in its summary judgment brief or explains how any of the court's constructions would change its prior rulings.

For all of these reasons, the law of the case doctrine bars Apple from rearguing its Section 101 motion that the Court has already rejected.

### B. Apple Has Failed to Meet its Burden for Summary Judgment

The party seeking summary judgment bears the burden of showing that there are no material facts at issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Should the moving party be able to meet this burden, the non-moving party may defeat the motion by bringing forth affirmative evidence to the contrary. *Id.* at 257. In conducting its analysis, the Court must view all facts and inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Even if Apple is not precluded from bringing this motion by the law of the case doctrine or because of its failure to object to the Court's prior findings on the Section 101 issues, genuine issues of material fact preclude summary judgment.

### C. Analysis of Representative Claims is Inappropriate

Apple's summary judgment motion should be denied because it provides no evidence that every one of the 19 asserted claims is directed to ineligible subject matter. Of the 19 asserted claims, Apple only addresses three: claim 20 of the '635 Patent, claim 13 of the '091 Patent and claim 39 of the '649 Patent.

Apple asserts that these claims are "representative," but it provides no evidence to support its contentions.[5] To the contrary, there are many meaningful distinctions between the asserted claims. *See* D.I. 83-4 (Weaver Dec.), ¶ 74 (comparing claim 20 of the '091 Patent to claim 13), ¶ 78 (comparing claim 26 of the '091 Patent to claim 13), ¶¶ 93-120 (comparing the differing requirements of the '635 claims), ¶¶ 132-141 (comparing the differing requirements of the '649 claims). In determining patent eligibility under § 101, "each of the claims must be considered as a whole," not just some of the asserted claims that Apple chooses to address. *See*

---

[5] Apple has only relied upon inadmissible hearsay from an unsworn expert report in support of its contentions that certain claims are representative of others. *See supra*, n.4.

11

*Diamond v. Diehr,* 450 U.S. 175, 188 (1981); *Fr. Telecom S.A. v. Marvell Semiconductor, Inc.,* 39 F. Supp.3d 1080, 1097 (N.D. Cal. 2014) ("Supreme Court precedents urge a claim-by-claim approach to subject matter eligibility that avoids rigid line drawing"). Apple's failure to address the patentability of each of the asserted claims precludes summary judgment.

### D. The Asserted Claims of the Patents are Not Directed to Abstract Ideas

The first step of the patent-eligibility inquiry requires a court to determine if the claims are directed to a law of nature, natural phenomena, or an abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2347, 2355 (2014). "If not, the claims pass muster under § 101." *Ultramercial, Inc. v. Hulu, LLC,* 772 F.3d 709, 714 (Fed. Cir. 2014). In making this determination, the court looks at what the claims cover. *See id.* ("We first examine the claims because claims are the definition of what a patent is intended to cover.") "[T]he 'directed to' inquiry applies a stage-one filter to claims, considered in light of the specification," and asks "whether their character as a whole is directed to excluded subject matter." *Enfish,* 822 F.3d at 1335 (quoting *Internet Patents Corp. v. Active Network, Inc.,* 790 F.3d 1343, 1346 (Fed. Cir. 2015).

Here, the Court has already found, as a matter of law, that the asserted claims of the '091, '639 and '649 Patents are not directed to abstract ideas. *See* PMC's Stmt. Undisp. Facts, ¶¶ 1-7, 9-12, 14-15. Apple's brief presents no new facts to undermine the Court's prior decision. The Court already took into account that conventional hardware components can be used to perform many of the claim steps. Further, Apple failed to show how any of the asserted claims preempt all use of the alleged abstract ideas, or that they are directed to longstanding commercial practices, building blocks of the modern economy, methods of organizing human activity, mathematical formulae, or ideas in and of themselves. And, PMC has presented evidence to the contrary. *See* D.I 83-4, ¶¶ 82-85, 121-124, 142-147. At a minimum, this creates a material issue

12

in dispute precluding summary judgment.

### E. The Asserted Claims are Directed to Inventive Concepts

A court applies the second step of the patent eligibility test only when it finds that the claims are directed to a law of nature, natural phenomena, or abstract idea in the first step. *Alice,* 134 S. Ct. at 2355. Here, where the Court has already found that the asserted claims are not directed to abstract ideas, it need not conduct this second step.

The second step requires the Court to determine if the elements of the claim individually, or as an ordered combination, "transform the nature of the claim" into a patent-eligible application. *Mayo Collaborative Servs. v. Prometheus Labs., Inc.,* 132 S. Ct. 1289, 1300 (2012). In sum, a claim may be patent eligible when the "claimed process include[s] not only a law of nature but also several unconventional steps . . . that confine[] the claims to a particular useful application of the principle." *Id. See also* DDR *Holdings, LLC v. Hotels.com, L.P.,* 773 F.3d 1245, 1257 (Fed. Cir. 2014) ("[T]he '399 patent's claims address the problem of retaining website visitors that, if adhering to the routine, conventional functioning of Internet hyperlink protocol, would be instantly transported away from a host's website after 'clicking' on an advertisement and activating a hyperlink."); *Bascom Glob.,* 827 F.3d at 1350 ("Filtering content on the Internet was already a known concept, and the patent describes how its particular arrangement of elements is a technical improvement over prior art ways of filtering such content.").

Notwithstanding that the Court found that the claims of the '091, '635 and '649 Patents are not directed to abstract ideas, it nevertheless considered the step two analysis for each patent. In each case, it found that even if the claims were directed at abstract ideas, the additional elements of the claims transformed the claims into patent-eligible applications of the ideas. *See* PMC's Stmt. Undisp. Facts, ¶¶ 8, 13, 16. Apple has provided no evidence to undermine the

13

Court's prior conclusions. Indeed, the Court already addressed the fact that many of the claim elements are comprised of conventional components. D.I. 209 at 12-13 ("'Digital programming,' 'encryption,' and 'decryption' all existed before the priority date of the '635 patent"); and at 20 ("The parties would agree that all of the components described in the '649 patent, such as a "control processor" or "memory" were well-known in the art before the priority ate of the '649 patent."). Apple's summary judgment motion therefore adds nothing. Further, PMC presented evidence showing why the asserted claims include inventive concepts that go beyond the purported abstract ideas. *See* D.I. 83-4, ¶¶ 86-89 ("The claims require that the instruct-to-enable signal detected in the encrypted digital information transmission be used to determine how to locate the decryption key (*see, e.g.*, claim 13), or be processed to actually provide a decryption key (*see, e.g.,* claim 20). … This subset of limitations transforms the concept of decryption into very specific, concrete methods by placing requirements on the manner in which a decryption key is to be located and/or generated and used."), 125-128, 148-150. At a minimum, this creates a material issue in dispute precluding summary judgment.

## VI.　CONCLUSION

For all of the above reasons, Apple should be precluded from re-arguing the validity of the asserted patent claims under Section 101 because the Court has already decided against Apple and that decision is law of the case. Moreover, Apple failed to file objections to the Court's recommendations, findings and conclusions concerning its prior motion and is barred from *de novo* review of those recommendations, findings, and conclusions, except on grounds of plain error, which it has failed to articulate. Further, it has failed to meet its burden for grant of summary judgment and its motion should be denied.

| | |
|---|---|
| December 8, 2016 | /s/ Douglas J. Kline |

                                      Douglas J. Kline
Lana S. Shiferman
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109-2802
P: (617) 570-1000
F: (617) 523-1231
email: dkline@goodwinlaw.com
email: lshiferman@goodwinlaw.com

Jennifer A. Albert
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
P: (202) 346-4000
F: (202) 346-4444
email: jalbert@goodwinlaw.com

S. Calvin Capshaw (State Bar No. 03783900)
Elizabeth L. DeRieux (State Bar No. 05770585)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
P: (903) 845-5770
email: ccapshaw@capshawlaw.com
email: ederieux@capshawlaw.com

***Attorneys for Plaintiff Personalized Media Communications, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service on November 7, 2016.  Local Rule CV-5(a)(3)(A).

/s/     Douglas J. Kline