**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, § § § *Plaintiff*, § § CIVIL ACTION NO. 2:15-cv-01366-JRG-RSP v. § § APPLE, INC., § § § *Defendant*. § | |

**PLAINTIFF'S MOTION TO LIFT STAY,
SEVER A CERTAIN PATENT, AND
<u>SET PRETRIAL CONFERENCE AND TRIAL DATES</u>**

## TABLE OF CONTENTS

I. RELEVANT BACKGROUND ................................................................................................2

    A. PMC and Apple Licensing Negotiations ...............................................................2

    B. District Court Case and Order to Stay Pending the Outcome of IPR Proceedings ................................................................................................................3

    C. IPR Proceedings and Federal Circuit Appeals .......................................................4

        1. '091 Patent ................................................................................................... 4

        2. '635 Patent ................................................................................................... 5

II. THE COURT SHOULD LIFT THE STAY AS TO THE '091 PATENT AND SET A TRIAL DATE ................................................................................................................6

    A. Continuing the Stay of This Case Would Substantially Exacerbate the Prejudice That PMC Has Been Suffering ................................................................8

    B. The Litigation Is at an Advanced Stage ................................................................11

    C. Lifting the Stay Will Simplify the Case ................................................................12

III. THE COURT SHOULD SEVER THE '091 PATENT INTO A SEPARATE CAUSE OF ACTION IN ORDER TO PROCEED TO TRIAL ......................................12

IV. THE COURT SHOULD SET PRETRIAL CONFERENCE AND TRIAL DATES ........13

V. CONCLUSION ..................................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Personalized Media Commc'ns, LLC*,
  No. IPR2016-00754, 2017 WL 4175017 (P.T.A.B. Sept. 19, 2017) .........................................4

*Apple Inc. v. Personalized Media Commc'ns, LLC*,
  No. IPR2016-00755, 2017 WL 4175018 (P.T.A.B. Sept. 19, 2017) .........................................4

*Apple Inc. v. Personalized Media Commc'ns, LLC*,
  No. IPR2016-01520, 2018 WL 922376 (P.T.A.B. Feb. 15, 2018) ............................................5

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
  941 F.3d 1320 (Fed. Cir. 2019), *reh'g denied* (March 23, 2020) ...............................................5

*Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc.*,
  No. 12-cv-801-LPS, 2013 WL 3296230 (D. Del. June 28, 2013) .........................................10

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
  No. 2:16-cv-00505-JRG, D.I. 356 (E.D. Tex. Feb. 24, 2020) ........................................ *passim*

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  No. 13-cv-453-SLR-SRF, 2015 WL 3773779 (D. Del. May 15, 2015) ...................................9

*Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*,
  No. 6:15-cv-0059-JRG, 2018 WL 9596640 (E.D. Tex. June 21, 2018) ...............................6, 9

*Milwaukee Elec. Tool Corp. v. Hilti, Inc.*,
  No. 14-cv-1288-JPS, 2016 WL 7495808 (E.D. Wis. Dec. 30, 2016) ..............................7, 8, 10

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
  No. 6:11-cv-00492-RWS, 2017 WL 4856473 (E.D. Tex. Oct. 27, 2017) ...............................11

*NFC Techs. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .................................6

*Oyster Optics, LLC v. Ciena Corp.*,
  No. 17-cv-05920-JSW, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019) ...................................9

*Parallel Networks, LLC v. Netflix, Inc.*,
  Nos. 2:07-cv-562-DF & 2:08-cv-45-DF, 2008 WL 8793607 (E.D. Tex. Dec.
  23, 2008) .................................................................................................................................9

*Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC Am., Inc.*,
  No. 2:14-cv-690, 2016 WL 3365855 (E.D. Tex. June 17, 2016) ...........................................10

*Pers. Audio LLC v. Google, Inc.*,
   230 F. Supp. 3d 623 (E.D. Tex. 2017) ................................................................. 1, 5, 8, 11

*Personalized Media Commc'ns, LLC v. Apple Inc.*,
   952 F.3d 1336 (Fed. Cir. 2020) ..................................................................................... 4, 5

*Personalized Media Commc'ns, LLC v. Apple Inc.*,
   No. 20-1197 (Fed. Cir. Dec. 3, 2019) (appeal docketed) .................................................. 5

*Personalized Media Commc'ns, LLC v. Apple Inc.*,
   No. 20-1198 (Fed. Cir. Dec. 3, 2019) (appeal docketed) .................................................. 5

*Realtime Data LLC v. Hewlett Packard Enter. Co.*,
   No. 6:16-cv-00086-RWS, 2018 WL 3608544 (E.D. Tex. July 27, 2018) ......................... 6

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-cv-213-JRG-RSP, 2015 WL 627887 (E.D. Tex. Jan. 29, 2015) ........................ 9

*Team Worldwide Corp. v. Amazon.com, Inc.*,
   No. 2:19-cv-00094-JRG-RSP, D.I. 26 (E.D. Tex. Feb. 12, 2020) .................................. 6, 7

*Tex. Instruments v. Linear Techs. Corp.*,
   No. 2:01-CV-004-DF, 2002 WL 34438843 (E.D. Tex. Jan. 15, 2002) ........................... 11

**Statutes**

35 U.S.C. § 102 ........................................................................................................................... 3

35 U.S.C. § 103 ........................................................................................................................... 3

35 U.S.C. § 311(a) ...................................................................................................................... 3

35 U.S.C. § 315(e)(2) ................................................................................................................ 11

Plaintiff Personalized Media Communications, LLC ("PMC") respectfully moves the Court to lift the stay in this patent infringement litigation that PMC filed against Defendant Apple, Inc. ("Apple") nearly five years ago now.  The Court stayed the case over three years ago, just weeks before trial was scheduled, pending *inter partes* reexamination of all the patent claims that PMC was asserting against Apple.  The Federal Circuit recently issued a decision confirming the validity of nine claims of U.S. Patent No. 8,191,091 ("the '091 patent").[1]  Thus, the Court should lift the stay as to the '091 patent, sever the count related to the '091 patent into a separate cause of action, and proceed to trial.

While Apple has indicated that it intends to file a petition for rehearing in the '091 patent appeal, such a petition is not likely to succeed and is no reason to continue the stay of this litigation.  This Court routinely rejects arguments against lifting stays because the claims have the potential to be invalidated later.  *See Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-cv-0059-JRG, 2018 WL 9596640, at *3 (E.D. Tex. June 21, 2018) ("The possibility that claim 14 'could be invalidated or amended on appeal . . . is too speculative to be given much weight.'"); *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017).

Similarly, the pending appeals of adverse decisions in the '635 patent IPRs are not a compelling reason to further delay adjudication of the '091 patent.  Instead, this Court should adopt the same approach it used in *Image Processing Technologies, LLC v. Samsung Electronics Co.*, which is similar to the instant circumstances, and sever PMC's claims as to the '091 patent and proceed to trial.  No. 2:16-cv-00505-JRG, D.I. 356 (E.D. Tex. Feb. 24, 2020).

---

[1] The other three patents asserted by PMC against Apple are U.S. Patent No. 8,559,635 ("the '635 patent"), U.S. Patent No. 8,752,088 ("the '088 Patent") and U.S. Patent No. 7,752,649 ("the '649 patent").  The '649 patent has been dismissed, and this Court held the asserted '088 patent claim to be indefinite.  The asserted claims of the '635 patent, which were subject to two separate IPRs filed by Apple, were all invalidated by the PTAB and are currently on appeal to the Federal Circuit in two separate appeals.

The stay as to the '091 patent has served its purpose. The IPR proceedings have simplified this case for trial; the broad scope of IPR estoppel will preclude Apple from asserting any prior invalidity argument that it raised or could reasonably have raised in its IPR. There is no reason PMC's '091 patent infringement claims should not be adjudicated immediately. To the contrary, extending the stay would continue to be highly prejudicial to PMC. The stay has already adversely affected PMC's ability to present evidence and litigate this case as one witness died during the pendency of the stay. The stay has also adversely affected PMC's licensing program.

PMC respectfully requests therefore that this Court lift the stay and sever the '091 patent. PMC also respectfully requests that the Court set a trial date as well as deadlines for pretrial activities and filings at the Court's earliest convenience.

I.   **RELEVANT BACKGROUND**

   A.   **PMC and Apple Licensing Negotiations**

PMC is a family-run company in Sugarland, Texas, founded by John Harvey. D.I. 18, First Amended Complaint ("FAC"), ¶ 7. In the early 1980s, Harvey and co-inventor James Cuddihy conceived and reduced to practice inventions (hereinafter "the Harvey Inventions") related to computing and telecommunications technology. *Id.* ¶¶ 7, 9. Over time, the Harvey Inventions gained industry recognition, and PMC was able to license its ground-breaking technology.

PMC has steadfastly protected the exclusivity of its patented inventions through licensing and, in some instances, litigation. *Id.* ¶¶ 29, 31. The patents asserted in this action issued between July 2010 and June 2014. *Id.* ¶¶ 17-20. As early as 2008 (*i.e.,* before issuance), PMC began discussions with Apple regarding PMC's patent portfolio and its applicability to several of Apple's products and services. *See* D.I. 136-1, Ex. 1 (PMCAPL02925254-57 (May 14, 2008

2

email)). Consistent with its license-first approach, PMC continued its discussions with Apple between 2010 and 2014, providing Apple with copies and/or lists of relevant issued patents and pending patent applications, prosecution file histories, and explanations of claim coverage. FAC ¶¶ 29, 51. Despite the lengthy series of negotiations, PMC was unable to obtain a commercially reasonable licensing offer from Apple and filed suit. After PMC filed suit, Apple continued its infringing activities throughout the litigation and the pendency of the stay.

### B. District Court Case and Order to Stay Pending the Outcome of IPR Proceedings

PMC filed this action on July 30, 2015, asserting that Apple infringed the '635 and '091 patents. D.I. 1. PMC later amended its complaint to assert infringement of the '649 and '088 patents. D.I. 18.

Despite prior notice of its alleged infringement, Apple waited nearly eight months after this action was commenced before filing four IPR petitions, one against each of PMC's asserted patents, alleging that the claims were anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103. D.I. 130 at 6, Exs. 10-13. On April 7, 2016, Apple filed a motion to stay pending the outcome of those proceedings, notwithstanding that the PTAB had yet to reach any institution decision. *See id.*; D.I. 136 at 10-11.

On July 30, 2016, just days before the one-year statutory deadline, Apple filed a second IPR petition against the '635 patent. *See* D.I. 221-1, Ex. 1; 35 U.S.C. § 311(a). On September 20, 2016, the PTAB instituted review on each challenged claim of the '649, '091, and '088 patents. *See* D.I. 213, Ex. A at 2, 60; Ex. B at 2, 49-50; Ex. C at 2, 50. However, regarding the '635 patent, the PTAB declined to institute review on five of the fourteen challenged claims, leaving those claims unaffected by Apple's IPRs. *See id.* at Ex. D at 2, 42. On February 16, 2017, the PTAB decision instituted review on *all* challenged claims in the second '635 patent

3

IPR petition.  D.I. 221, 231.  Thus, while PMC initially objected to staying this matter, with all of the asserted claims subject to review by the PTAB, it ultimately agreed to stay the case pending the outcome of the aforementioned IPR proceedings.  *See* D.I. 354.  The Court granted the parties' stipulated motion on February 21, 2017.  D.I. 355.

At the time this Court stayed this case, the parties had completed fact and expert discovery.  *See* D.I. 206 at 3; D.I. 231-1 ¶ 3; D.I. 261 at 2.  They had filed and briefed motions for summary judgment (*see, e.g.*, D.I. 264, 290, 318, 325), *Daubert* motions (*see, e.g.*, D.I. 263, 296, 312, 333), and motions *in limine* (*see, e.g.*, D.I. 322, 339).  The parties submitted the joint proposed pre-trial order on January 6, 2017.  D.I. 340.  In short, this case was essentially trial ready in February 2017, over three years ago.

### C.     IPR Proceedings and Federal Circuit Appeals

#### 1.     '091 Patent

The Federal Circuit has confirmed the validity of nine claims of the '091 patent that PMC is asserting against Apple here.  *Personalized Media Commc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1346 (Fed. Cir. 2020).  On September 19, 2017, the PTAB issued a Final Written Decision in the '091 patent IPR, invalidating all of the asserted claims.  *Apple Inc. v. Personalized Media Commc'ns, LLC*, No. IPR2016-00755, 2017 WL 4175018 (P.T.A.B. Sept. 19, 2017).  PMC appealed this decision to the Federal Circuit and on March 13, 2020, the Federal Circuit reversed the PTAB's invalidity decision with respect to claims 13 to 16, 18, 20, 21, 23, and 24 of the '091 patent.  *Personalized Media Commc'ns*, 952 F.3d at 1346.  Apple's deadline to file a petition for rehearing is May 12, 2020.  There is no deadline for the Federal Circuit to render a decision.  Nevertheless, today, the nine asserted claims of the '091 patent have been determined to be valid and enforceable by the Federal Circuit.

### 2. '635 Patent

On September 19, 2017, the PTAB also issued its Final Written Decision in the first '635 patent IPR finding all instituted claims unpatentable. *Apple Inc. v. Personalized Media Commc'ns, LLC*, No. IPR2016-00754, 2017 WL 4175017 (P.T.A.B. Sept. 19, 2017). The PTAB issued a Final Written Decision in the second '635 patent IPR on February 15, 2018, also finding those instituted claims unpatentable. *Apple Inc. v. Personalized Media Commc'ns, LLC*, No. IPR2016-01520, 2018 WL 922376 (P.T.A.B. Feb. 15, 2018).

PMC appealed these decisions to the Federal Circuit. The two appeals pertaining to the '635 patent remain pending. *See Personalized Media Commc'ns, LLC v. Apple Inc.*, No. 20-1197 (Fed. Cir. Dec. 3, 2019) (appeal docketed); *Personalized Media Commc'ns, LLC v. Apple Inc.*, No. 20-1198 (Fed. Cir. Dec. 3, 2019) (appeal docketed). On April 1, 2020, PMC filed motions to remand both of the '635 appeals in light of *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), *reh'g denied* (March 23, 2020) and *Personalized Media Communications, LLC v. Apple Inc.*, 952 F.3d 1336 (Fed. Cir. 2020). In its April 10, 2020 opposition briefs, Apple does not oppose the remand of both cases and only disputes whether the PTAB on remand must consider the Federal Circuit decision in the '091 appeal. The USPTO filed a notice of intervention and oppositions to PMC's motions for remand in both of the '635 patent appeals. The USPTO further argued that both '635 appeals should be stayed pending resolution of the petitions for certiorari in *Arthrex*.

If the Federal Circuit remands both of the '635 patent appeals to the PTAB, it is unknown when the current proceedings related to the IPRs and any likely appeal will conclude and how much longer a stay as to the '635 patent may be appropriate. On May 1, the PTAB issued a General Order "hold[ing] all [] cases [remanded pursuant to *Arthrex*] in administrative abeyance until the Supreme Court acts on a petition for certiorari or the time for filing such petitions

5

expires." U.S. Patent and Trademark Office, *General Order in Cases Remanded Under Arthrex, Inc. v. Smith & Nephew, Inc., 941 F.3d 1320 (Fed. Cir. 2019)*, at 2 (P.T.A.B. May 1, 2020). The result of the General Order is likely to delay the PTAB's consideration of the '635 patent well into 2021. Even after the *Arthrex* case is resolved and the hold is removed, there will be additional delay while the PTAB performs its review and/or the '635 patent cases are reviewed by the Federal Circuit.

## II.  THE COURT SHOULD LIFT THE STAY AS TO THE '091 PATENT AND SET A TRIAL DATE

Just as the decision to grant a stay falls solely within a court's inherent power to control its docket, so does the decision to lift a stay. *Pers. Audio*, 230 F. Supp. 3d at 626; *see also Image Processing Techs.*, No. 2:16-cv-00505-JRG, D.I. 356 at 5; *Intellectual Ventures II LLC*, 2018 WL 9596640, at *2. Courts typically weigh the same three factors as that for imposing a stay: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also Image Processing Techs*, No. 2:16-cv-00505-JRG, D.I. 356 at 5-7 (applying the same three factors in lifting a stay); *Intellectual Ventures II LLC* , 2018 WL 9596640, at *2 (same). "[I]f the circumstances that persuaded [a] court to impose [a] stay in the first place have changed significantly," then the court may lift the stay. *Image Processing Techs.*, No. 2:16-cv-00505-JRG, D.I. 356 at 5 (quoting *Pers. Audio*, 230 F. Supp. 3d at 626); *Intellectual Ventures II LLC,* 2018 WL 9596640, at *2.

Here, the circumstances surrounding the Court's imposition of the stay have changed significantly. With the Federal Circuit's decision confirming the validity of the asserted claims

6

of the '091 patent, Apple's challenge against the '091 patent has failed. The remote possibility of a rehearing by the Federal Circuit or pending appeals of a different patent are not enough reason to continue a stay that has already gone on for more than three years, at substantial prejudice to PMC.

This Court has repeatedly lifted stays upon the completion of IPR proceedings, regardless of any related Federal Circuit appeals. *Intellectual Ventures II*, 2018 WL 9596640, at *3 (lifting stay and severing one valid claim of one patent into a separate action where the validity of other claims in that severed patent was before the Federal Circuit); *Realtime Data LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-00086-RWS, 2018 WL 3608544, at *1, 4 (E.D. Tex. July 27, 2018) (lifting stay and severing claims of several patents into a separate action despite numerous pending Federal Circuit appeals); *Team Worldwide Corp. v. Amazon.com, Inc.*, No. 2:19-cv-00094-JRG-RSP, D.I. 26 (E.D. Tex. Feb. 12, 2020) (lifting stay and severing one patent where its validity and the validity of two other asserted patents were on appeal). Based on these changed circumstances, there is no reason to maintain the stay of the '091 patent.

Indeed, this Court recently reached a similar conclusion in *Image Processing Technologies., LLC v. Samsung Electronics Co. See* No. 2:16-cv-00505-JRG, D.I. 356. As here, the *Image Processing Technologies* case was stayed pending resolution of IPRs concerning the asserted claims of two patents. *See id*. at 2. And as here, "discovery was complete[] and trial was only weeks away" when the stay was imposed. *See id.* at 7. When the plaintiff moved to lift the stay, one claim from one of the asserted patents had been adjudicated valid and finally decided, but claims from related patents remained on appeal. *Id.* at 5-6. In ruling in the plaintiff's favor, this Court considered the totality of the circumstances and reasoned "that lifting the stay as to [the claim adjudicated valid] and severing is an appropriate and prudent course of

action" that best served the interests of justice.  *Id.* at 6-7.  The Court held that "[l]ifting the stay w[ould] allow [the plaintiff] to timely enforce its valid patent rights and [that] such [interest] outweigh[ed] any prejudice to Samsung" resulting from potential multiple trials.  *Id.*

Similarly, in *Intellectual Ventures II LLC v. BITCO General Insurance Corp.*, this Court lifted the stay and proceeded to trial on a single claim of one patent determined to be patentable by the PTAB even though that claim and the remaining claims from the asserted patent were involved in a pending appeal before the Federal Circuit.  *See* 2018 WL 9596640, at *3.  This Court concluded that "[e]ven if the result of further appeals does affect the issues litigated here, 'the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold.'"  *Id.* (citing *Pers. Audio*, 230 F. Supp. 3d at 629).

As in *Image Processing Technologies, LLC v. Samsung Electronics Co.* and *Intellectual Ventures II LLC v. BITCO General Insurance Corp.*, the traditional factors and totality of the circumstances fall in PMC's favor for lifting a stay with respect to the '091 patent and proceeding to trial so that PMC can timely enforce its rights.

> **A.   Continuing the Stay of This Case Would Substantially Exacerbate the Prejudice That PMC Has Been Suffering**

Extending the stay any longer would be highly prejudicial to PMC.  Nearly five years has elapsed since PMC filed this lawsuit.  More than three years have elapsed since this case was stayed.  The stay has adversely impacted PMC's ability to present evidence and litigate this case.  At least one significant witness, Gerald Holtzman, has died.  Declaration of Mark B. King in Support of Plaintiff's Motion to Lift Stay, Sever a Certain Patent, and Set Pretrial Conference and Trial Dates ("King Decl."), ¶ 3.  Given the ages of many of the PMC witnesses, PMC has a well-founded fear that any further delay could deprive PMC of its chosen witnesses and cause

PMC additional prejudice. *Id.*, ¶¶ 3-8; *see Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-cv-1288-JPS, 2016 WL 7495808, at *3 (E.D. Wis. Dec. 30, 2016) ("At this juncture, the most salient consideration is the prospect of undue prejudice against Plaintiffs . . . . , particularly since this case has already been pending since 2014."). The Court should prevent additional prejudice to PMC by adjudicating the '091 patent claims as soon as possible.

Second, this litigation and the stay have adversely impacted PMC's licensing program, essentially halting active or new negotiations with more than forty companies. King Decl., ¶¶ 11-13. Further, a standstill agreement entered with a cellular phone manufacturer is contingent on the Apple case. *Id.*, ¶ 10. Even casting aside these specific examples, "[a]s a practical matter, the fact that a major corporation like [Apple] evidently believes [a] patent is not enforceable creates a cloud over [PMC's] ability to license its intellectual property." *See Pers. Audio*, 230 F. Supp. 3d at 627.

Finally, the Eastern District of Texas "routinely upholds a plaintiff's interest in *timely* enforcement of its patent rights." *Id.* (emphasis added). This Court should honor its reasoned practice and uphold that interest here. Apple has continued to infringe the asserted patents since the commencement of this case and during the three-year stay, including Apple's manufacture, use, sale, offer for sale, and/or importation into the United States of its iTunes, App Store, Apple Music, and QuickTime software applications and its iPhone, iPod, iPad, and Apple TV products. PMC is entitled to the fruits of its intellectual labor and to exclude others from practicing the patented inventions.

Any argument by Apple for continuing the stay until the outcome of the Federal Circuit appeals on the '635 patent (which given the current posture is likely to extend well into 2021 if not 2022) should be disregarded—"the Court cannot wait indefinitely to resolve [PMC's]

9

claims." *See Milwaukee Elec.*, 2016 WL 7495808, at *2; *see also Image Processing Techs.*, No. 2:16-cv-00505-JRG, D.I. 356 at 6-7 (taking into account the uncertain length of a Federal Circuit appeal and lifting the stay). Unlike in IPRs before the PTAB, the Federal Circuit has no statutorily-imposed deadline for disposing appeals on its docket. *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920-JSW, 2019 WL 4729468, at *4 (N.D. Cal. Sept. 23, 2019) (lifting the stay and stating "there is no clearly defined endpoint to a continued stay" pending a Federal Circuit appeal). Further, the possibility that the Federal Circuit might revive the invalidated '635 patent claims "is too speculative to be given much weight." *See Intellectual Ventures II*, 2018 WL 9596640, at *3. Indeed, this case might be stayed for additional years given the possible remand to the PTAB and the General Order holding the PTAB review in abeyance. "Even if the result of further appeals" on the '635 patent after the likely remand "does affect the issues litigated" with respect to the '091 patent, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *See Image Processing Techs.*, No. 2:16-cv-00505-JRG, D.I. 356 at 6-7 (quoting *Pers. Audio*, 230 F. Supp. 3d at 629).

The law recognizes that a patentee's "status as a non-practicing entity has no bearing on whether it will be prejudiced because every patentee has equal rights under the law to enforce his patent rights." *Parallel Networks, LLC v. Netflix, Inc.*, Nos. 2:07-cv-562-DF & 2:08-cv-45-DF, 2008 WL 8793607, at *2 (E.D. Tex. Dec. 23, 2008); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) ("[T]he mere fact that Rembrandt is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."). PMC should not be required to effectively give Apple a compulsory license for an indefinite period, to

10

the detriment of its current licensees and its ability to continue its licensing efforts, while the '635 patent appeals are resolved. *See Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-cv-453-SLR-SRF, 2015 WL 3773779, at *2 (D. Del. May 15, 2015) (finding prejudice where "patent licensing is a core aspect of [the non-moving party's] business"); *see also Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc.*, No. 12-cv-801-LPS, 2013 WL 3296230, at *2 (D. Del. June 28, 2013).

## B. The Litigation Is at an Advanced Stage

The case was at an advanced stage three years ago when it was stayed, and Apple cannot reasonably argue otherwise. *See* D.I. 345, 355; *Image Processing Techs.*, No. 2:16-cv-00505-JRG, D.I. 356 at 7 (lifting stay at a nearly identical stage of the litigation). The claims have been construed. D.I. 246. Fact and expert discovery are closed. *See* D.I. 206 at 3; D.I. 231-1 ¶ 3; D.I. 261 at 2. The parties have filed and fully briefed summary judgments motions (*see, e.g.*, D.I. 264, 290, 318, 325), *Daubert* motions (*see, e.g.*, D.I. 263, 296, 312, 333) and motions *in limine* (*see, e.g.*, D.I. 322, 339). Essentially all that was left at the time of the stay was to conduct a pretrial conference and trial and that has not materially changed. While some limited discovery, expert reports and motion practice will need to be updated, as would be true in any case that had been stayed this long, that is not a reason to continue the stay. The bulk of the pre-trial work is done and the litigation remains at an advanced stage. *See, e.g.*, *Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC Am., Inc.*, No. 2:14-cv-690, 2016 WL 3365855, at *2 (E.D. Tex. June 17, 2016) (denying stay where patentee had completed or nearly completed "the most difficult parts of discovery"). The stage of the case therefore weighs heavily against a stay.

### C. Lifting the Stay Will Simplify the Case

Here, a further stay will not simplify the issues. To the contrary, the best case management approach where the asserted claims of one patent have been adjudicated valid, but where the asserted claims of another patent remain on appeal, is to sever the first set of claims and proceed to trial. The objectives of the stay have been achieved and "the stay . . . has outlived its usefulness" considering the Court's "obligation to ensure expeditious resolution of this case." *See Milwaukee Elec.*, 2016 WL 7495808, at *3. The scope of IPR estoppel is broad: Apple cannot assert that the instituted '091 patent claims are invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." *See* 35 U.S.C. § 315(e)(2); *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-00492-RWS, 2017 WL 4856473, at *1 (E.D. Tex. Oct. 27, 2017). Indeed, it is all but certain that Apple will not have an assertible prior art invalidity defense remaining with respect to the '091 patent, leaving only some limited § 112 defenses. And with one patent and no or limited invalidity issues to consider, lifting the stay would greatly simplify this case for a jury.

In conclusion, all three factors applied by court weigh heavily in favor of lifting the stay.

### III. THE COURT SHOULD SEVER THE '091 PATENT INTO A SEPARATE CAUSE OF ACTION IN ORDER TO PROCEED TO TRIAL

The Court has broad authority under Federal Rule of Civil Procedure 21 to sever any claim against a party. *Tex. Instruments v. Linear Techs. Corp.*, No. 2:01-cv-004-DF, 2002 WL 34438843, at *2 (E.D. Tex. Jan. 15, 2002) (citing *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). Federal Rule of Civil Procedure 21 permits a Court to do so to further the interests of justice and to prevent delay or prejudice. *See id.* at *2 (citing *Applewhite v. Reichold Chems. Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)). To prevent undue delay and continued prejudice to PMC, the Court should sever the '091 patent as the Court did the '293 patent in *Image*

12

*Processing Technologies*. See No. 2:16-cv-00505-JRG, D.I. 356 at 6-7. Without the severance, PMC faces an additional, and likely lengthy postponement of its right to assert its patent, a result that would be neither just nor fair, and one that stands in square contradiction to both the letter and spirit of the Federal Rules of Civil Procedure and this district's precedent. *See* Fed. R. Civ. P. 1 ("[The rules] should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding); *see also Pers. Audio*, 230 F. Supp. 3d at 627 ("The thirteen-month stay, plus delay that will result from appeals, would unduly deprive [the plaintiff] of timely enforcement of its rights."); *Network-1 Sec. Sols.*, 2015 WL 11439060, at *5 ("This Court has repeatedly recognized a plaintiffs interest in timely enforcement of a patent. . . . Here, the stay has already delayed that enforcement for at least twenty-one months. . . . [T]he additional delay that would be incurred by maintaining the stay pending exhaustion of appeals is considerable."). Here, denying severance and further postponing trial of the '091 patent is particularly unjust when it is unknown whether a second trial will even be necessary or when such a trial would occur.

## IV. THE COURT SHOULD SET PRETRIAL CONFERENCE AND TRIAL DATES

PMC respectfully requests that upon severing the claims of the '091 patent, the Court set a scheduling conference to set deadlines for limited discovery, appropriate supplementation of the parties' expert reports and motions, and for other pretrial deadlines and trial.

## V. CONCLUSION

For the foregoing reasons, PMC respectfully asks the Court to lift the stay with respect to the '091 patent, sever the count related to the '091 patent into a separate cause of action, and proceed to trial.

|  |  |
|---|---|
| Dated:  May 5, 2020 | <u>/s/ *S. Calvin Capshaw*</u><br>Lana S. Shiferman<br>Douglas J. Kline<br>**GOODWIN PROCTER, LLP**<br>100 Northern Avenue<br>Boston, MA  02210<br>P:  (617) 570-1000<br>F:  (617) 523-1231<br>lshiferman@goodwinprocter.com<br>dkline@goodwinprocter.com<br><br>S. Calvin Capshaw (Texas Bar No. 03788390)<br>Elizabeth L. DeRieux (Texas Bar No. 05770585)<br>**CAPSHAW DERIEUX, LLP**<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>P:  (903) 845-5770<br>ccapshaw@capshawlaw.com<br>ederieux@capshawlaw.com<br><br>*Attorneys for Plaintiff*<br>*Personalized Media Communications, LLC* |

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served May 5, 2020, with a copy of this document and all documents in support thereof, via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ <em>Lana S. Shiferman</em>

**CERTIFICATE OF CONFERENCE**

    I hereby certify that (1) counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) Apple opposes this motion. The Rule CV-7(h) conference was conducted on April 23 and May 4, 2020, by telephone between Douglas Kline, attorney for PMC, and Marc Sernel, attorney for Apple. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ <em>Lana S. Shiferman</em>