# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> APPLE, INC., <br><br> *Defendant*. | § § § § § § § § § § § § § § CIVIL ACTION NO. 2:15-CV-01366-JRG |

## REPORT & RECOMMENDATION

Before the Court is Apple's Motion for Summary Judgment of Invalidity of U.S. Patent No. 8,191,091 Under § 101[1] (the "Motion"). **Dkt. No. 264.** Having considered the Motion, the related briefing, and the relevant authority, it is recommended that the Motion be **DENIED**.

### I. BACKGROUND

Plaintiff Personalized Media Communications, LLC ("PMC") asserts that Defendant Apple, Inc. infringes U.S. Patent No. 8,191,091 (the "'091 Patent"), titled "Signal Processing Apparatus and Methods." Dkt. Nos. 1, 1-1.

Apple previously filed a Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss") contending that all claims of the '091 Patent were invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter. Dkt. No. 34. The Court denied the Motion to Dismiss,

---

[1] The Motion also moves for relief under 35 U.S.C. § 101 as pertains to U.S. Patent Nos. 8,559,635 and 7,752,649. Dkt. No. 264. However, only U.S. Patent No. 8,191,091 is currently set for trial (*see* Dkt. No. 373) and accordingly, Apple has represented that the Motion is "[l]ive (as to the '091 patent only)." Dkt. No. 377. The Court thus addresses only U.S. Patent No. 8,191,091 in the present Report and Recommendation.

finding that the claims of the '091 Patent are directed to patent-eligible subject matter, including "a method of using an 'instruct-to-enable signal' included in 'digital information' to 'determine a fashion' in which a station 'locates' a 'decryption key' that can decrypt 'encrypted information.'" Dkt. No. 209 at 16–17, adopted by Dkt. No. 230. Further, "[e]ven if claim 13 were directed to an abstract idea, the Court f[ound] that the additional elements of the claim [ ] transform it into a patent-eligible application of that idea." Dkt. No. 209 at 17, adopted by Dkt. No. 230.

Apple now seeks summary judgment that the asserted claims of the '091 Patent are invalid under § 101.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex*, 477 U.S. at 322. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48.

## III. ANALYSIS

Apple contends that summary judgment is appropriate because the claims of the '091 Patent are directed to an abstract idea, and do not include an inventive concept. PMC argues that summary judgment is inappropriate because the law of the case doctrine bars Apple from

2

re-litigating patent eligibility, the asserted claims are not directed to abstract ideas, and the asserted claims are directed to inventive concepts.

### 1. Law of the Case Doctrine

PMC argues that the law of the case doctrine bars Apple from "re-litigating" subject matter eligibility of the '091 Patent, which PMC contends was already determined at the 12(b)(6) stage. Dkt. No. 290 at 6–10. Specifically, PMC asserts that the Court's 12(b)(6) ruling determined, as a matter of law, that the '091 Patent is not directed to an abstract idea, and there are no changes in law, claim constructions, or facts that justify revisiting this determination. *Id.*

Apple argues that the law of the case doctrine does not apply and, even if it does, "[t]he doctrine is not a limit on a court's power that would 'bar' Apple from filing, or this court from considering, this motion," and that the applicability of the law of the case doctrine is under the discretion of the court. Dkt. No. 318 at n.2.

"[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) (internal citation omitted). Although the law of the case applies to a legal issue decided at the 12(b)(6) stage, application of the doctrine is narrowly tailored to purely legal conclusions that had been actually considered by the court at the 12(b)(6) stage. *See Lovell v. Comseqogue School Dist.*, 2005 WL 1398102, at *8, *10 (E.D.N.Y. June 15, 2005).[2]

The only purely legal conclusion previously considered and ruled upon was the Court's determination that "claim 13 of the '091 [P]atent is directed to using an 'instruct-to-enable signal'

---

[2] Much of the case law on the law of the case doctrine appears to have been developed in the Second Circuit. This is confirmed both by the Court's own research and the cases cited by the parties in their briefing. Accordingly, the Court looks to non-binding Second Circuit guidance on this doctrine.

in 'digital information' to 'determine a fashion' in which a station 'locates' a 'decryption key' that can decrypt 'encrypted information.'" Dkt. No. 209 at 16–17, adopted by Dkt. No. 230. "The Court f[ound] this is not an abstract idea under *Mayo* step 1 and the '091 [P]atent does not claim an abstract idea."[3] *Id.* at 17. Thus, to the extent that any of the analysis under *Mayo* step 1 could be precluded by the law of the case doctrine, the Court may exercise its discretion to reconsider the issue. *In re PCH Assocs.*, 949 F.3d 585, 592 (2d Cir. 1991) ("This doctrine is a discretionary rule of practice and generally does not limit a court's power to reconsider an issue.").

Nothing in the law of the case doctrine prohibits analysis of *Alice* step two.[4] In its 12(b)(6) determination, the Court went on to hold that "[e]ven if claim 13 were directed to an abstract idea, the Court finds the additional elements of the claim to transform it into a patent-eligible application of that idea. Principally, the Court finds the elements of the claim are arranged in a way that Apple has not shown is conventional or generic." Dkt. No. 209 at 17, adopted by Dkt. No. 230.

Since the Court made its 12(b)(6) determination, claims of the '091 Patent have been construed, the parties have concluded discovery, and they have submitted expert reports. All these advances have developed the factual record. Indeed, Apple cites many of the aforementioned developments as support that there are no factual issues that the '091 Patent is invalid under § 101. Dkt. No. 264 at 6–9. Factual issues like these inform the § 101 analysis. *Berkheimer v. HP Inc.*,

---

[3] As a threshold issue, the Court made its initial determination of no ineligibility under the Rule 12(b)(6) standard, i.e. that there was a "facial[ly] plausibl[e]" claim pled. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 217 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The determination made herein is under the summary judgment standard looking to whether there is a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court need not reach the precise differences in the standards in light of its findings herein.

[4] As the Court discusses *supra*, the law of the case doctrine does not prohibit all § 101 analysis of the '091 Patent. Nevertheless, because step one of the *Alice* analysis debatably answers a purely legal question, the Court emphasizes the discretionary nature of the law of the case doctrine. In light of step two of the *Alice* analysis involving questions of fact, the Court draws the distinction that step two is necessarily not precluded by the law of the case doctrine. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (citing *Mortg. Grader, Inc. v. First Choice Loan Servs., Inc.*, 811 F.3d 1314, 1325 (Fed. Cir. 2016)) (holding that "[t]he patent eligibility inquiry may contain underlying issues of fact").

881 F.3d 1360, 1365 (Fed. Cir. 2018) ("The patent eligibility inquiry may contain underlying issues of fact.").

In light of the foregoing, the Court proceeds to consider Apple's Motion, both because the law of the case doctrine does not wholly apply to the *Alice* analysis of subject matter eligibility, and because applicability of the law of the case doctrine is discretionary.

### 2. *Alice* Step One

The first step in the patent eligibility inquiry looks at the focus of the claim as a whole to determine whether the claim is directed to an abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016).

Apple argues that the '091 Patent is directed to the abstract idea of "using an instruct-to-enable signal to decrypt (convert from unintelligible to intelligible) information." Dkt. No. 264 at 1, 6. Apple asserts that the idea of the '091 Patent is akin to claims that have been held abstract by the Federal Circuit, including a way of organizing human activity and the manipulation of data. Dkt. No. at 6 (citing *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307 (Fed. Cir. 2016) and *Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014).) Apple also notes that the Federal Circuit has previously affirmed invalidation of PMC patents "closely related to the PMC patents in this case" under § 101. Dkt. No. 288. Further, Apple cites the deposition testimony of the named inventor to demonstrate that encryption and decryption were well-known before the time of the '091 Patent, and fail to render the abstract idea patent eligible. Dkt. No. 264 at 6.

PMC argues that the asserted claims of the '091 Patent are not directed to abstract ideas as a matter of law, following the Court's previous determination on the 12(b)(6) motion. Dkt.

No. 290 at 12–13; Dkt. No. 318 at 2.  PMC asserts that because Apple has not presented any new facts or law to undermine the Court's previous decision, the claims remain directed towards eligible subject-matter.  Dkt. No. 290 at 12; Dkt. No. 318 at 2.

The Court previously found that the claims of the '091 Patent are not directed to an abstract idea, but are rather directed towards patent-eligible subject matter, including "a method of using an 'instruct-to-enable signal' included in 'digital information' to 'determine a fashion' in which a station 'locates' a 'decryption key' that can decrypt 'encrypted information.'"  Dkt. No. 209 at 16–17, adopted by Dkt. No. 230.   Apple fails to present any evidence that causes to Court to question this finding.  Accordingly, the Court maintains that the claims of the '091 Patent are not directed to an abstract idea, but rather are directed to methods of using an instruct-to-enable signal included in digital information to determine a fashion in which a station locates a decryption key that can decrypt encrypted information.

### 3. *Alice* Step Two

If in step one the Court determines the patent is directed to an abstract idea, the inquiry turns to step two, which asks whether the claim elements, considered individually and as an ordered combination, add an inventive concept to the abstract idea. *See Elec. Power*, 830 F.3d at 1353. Although the Court found that the claims of the '091 Patent are not directed to an abstract idea, even if the claims were directed to an abstract idea, the Court maintains its previous finding that "the additional elements of the claim [ ] transform it into a patent-eligible application of that idea." Dkt. No. 209 at 17, adopted by Dkt. No. 230.

Claim 13 of the '091 Patent is a patent-eligible application at least because of its arrangement of steps.  *See* Dkt. No. 209 at 17.  "[A]n inventive concept can be found in the nonconventional and non-generic arrangement of known, conventional pieces." *Bascom Glob.*

*Internet Servs. v. AT&T Mobility LLC*, Case No. 2015-1763, 2016 WL 3514158, at *6 (Fed. Cir. Jun. 27, 2016). Although some of the pieces in the '091 Patent are perhaps known and conventional—such as encryption and decryption—the '091 Patent arranges them in a way that is sufficient to confer an inventive concept, including "determining a fashion in which [a] receiver station locates a first decryption key by processing [an] instruct-to-enable signal" and "locating said first decryption key based on said step of determining." Dkt. No. 1-1 at 286:1–5.

Accordingly, the Court finds that the '091 Patent claims are patent eligible under 35 U.S.C. § 101.

### 4. *Representative Claims*

In its briefing, Apple argues that the '091 Patent is abstract by analyzing a single asserted claim. Dkt. No. 264 at 4. PMC asserts that Apple has provided no evidence to support that the analyzed claim is indeed representative. Dkt. No. 290 at 11. Because the Court finds claim 13 not abstract, and because no further arguments independent of claim 13 were presented, the Court need not determine if adequate representativeness was shown.

## IV. CONCLUSION

After due consideration, it is recommended that Apple's Motion for Summary Judgment of Invalidity of U.S. Patent Nos. 8,191,091 Under § 101 (Dkt. No. 264) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and

Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of January, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE