IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | § § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO.  2:15-CV-01366-JRG |
| APPLE, INC., | § § | |
| *Defendant.* | § § § | |

**MEMORANDUM ORDER**

Before the Court is Personalized Media Communications, LLC's ("PMC") Motion to Strike Apple Inc.'s Undisclosed Invalidity Theories (the "Motion").  (Dkt. No. 254.)  Having considered the Motion, the related briefing, and the relevant authority, the Motion is **DENIED**.

## I.   BACKGROUND & PARTY ARGUMENTS

### A.  PMC's Arguments

PMC moves to strike Apple's undisclosed invalidity theories, arguing that invalidity theories not specifically disclosed until service of the expert report of Anthony Wechselberger should be struck.  Specifically, PMC moves to strike (1) combinations of prior art not previously specifically disclosed; (2) undisclosed motivations to combine references; and (3) non-statutory double-patenting invalidity theories insufficiently disclosed.[1]

*(1)    Prior Art Combinations.* PMC argues that Apple failed to specifically identify the combinations of prior art references it was using for its obviousness positions in its invalidity

---

[1] PMC also moved to strike allegedly previously undisclosed priority dates and reliance upon references Nachbar, Chandra, and Campbell PCT; however, those invalidity theories appear to apply only to the '635 Patent, which is not currently a part of the case set to go to trial.

contentions, instead asserting obviousness combinations of "any one of" a list of references "in combination with" any references in a second list. (Dkt. No. 254 at 4–5.) This format would result in over eight million possible combinations, effectively mooting any possible notice of combinations to PMC. (*Id.* at 5–6.) Accordingly, PMC seeks to strike paragraphs 127, 130, 140, 143, 151, 158, 367–69, 374–76, 378–457, 489–500, 509, 756–59, 803–06, 988, and 1012–21 from Mr. Wechselberger's report.

(2)    *Motivations to Combine.* PMC contends that Apple's invalidity contentions merely listed the *KSR* factors and recited a brief, general summary of the prior art as a basis for asserting motivation to combine any possible set of asserted references, which provided no notice of specific motivations that Apple would later assert. (Dkt. No. 254 at 6–7.) Accordingly, PMC seeks to strike paragraphs 127, 130, 140, 143, 151, 158, 367–69, 374–76, 378–457, 489–500, 509, 756–59, 803–06, 988, and 1012–21 from Mr. Wechselberger's report.

(3)    *Double-Patenting Theories.* PMC argues that Apple merely provides that the asserted claims are "invalid for non-statutory double-patenting in view of at least" a list of patent numbers and relevant claims. (Dkt. No. 254 at 8–9.) PMC asserts this is insufficient identification of "threadbare arguments" that fail to provide PMC with any notice as to how any of the listed patents, with or without additional references, would render any specific claim invalid. (*Id.* at 9.) Accordingly, PMC seeks to strike paragraphs 1170–1348 from Mr. Wechselberger's report.

PMC argues that all factors are met for exclusion of these invalidity theories, including that: (1) Apple has unfairly prejudiced PMC by waiting nearly nine months after the deadline for service of its invalidity contentions to assert new invalidity theories that PMC is now left without proper time to respond to (Dkt. No. 254 at 10–11); (2) deadlines for summary judgment and pretrial proceedings were looming and therefore the addition of late-disclosed invalidity theories would

significantly impact trial preparations (Dkt. No. 254 at 12); (3) Apple was indisputably aware of the information underlying its newly disclosed theories long before it served the Wechselberger report, and therefore its delay in disclosing such theories is unjustified (Dkt. No. 254 at 12–14); (4) a lesser sanction would not be appropriate in light of every opportunity Apple had to disclose these theories, and because exclusion would still leave Apple free to assert properly disclosed theories (Dkt. No. 254 at 14–15); and (5) Apple made no effort to amend its invalidity contentions to address their deficiencies prior to the Wechselberger report (Dkt. No. 254 at 15).

### B.  Apple's Arguments

Apple argues that (1) PMC's complaint is essentially that Apple's invalidity contentions were too broad; (2) the proper vehicle for relief for PMC would have been to file a motion to compel subsequent to Apple's service of their invalidity contentions; and (3) PMC stated on the record, when it was allowed to amend its infringement contentions, that PMC would not object if Apple needed to amend invalidity contentions accordingly.

*(1)   **Prior Art Combinations.*** Apple argues that its invalidity contentions comply with the local rules, and include a chart of how each reference discloses each claim element, as well as combination charts and a list that explains the possible combinations.  (Dkt. No. 282 at 4–6.)

*(2)   **Motivations to Combine.*** Apple asserts its motivations to combine comprise pages of explanation, and that PMC neglects to point out that Apple's contentions include specific motivations such as explanations that references are in the same field and combining them would "enhance" specifically-identified features.  (Dkt. No. 282 at 6–7.)

*(3)   **Double-Patenting.*** Apple asserts that its invalidity contentions expressly disclose its double patenting positions, and that no more specific disclosure is required. (Dkt. No. 282 8–9.)

Apple's also notes that PMC has not suffered any prejudice because it merely repurposed, in its expert reports, its *inter partes* review responses as expert rebuttal reports, and all combinations were raised in the IPR.  (Dkt. No. 282 at 12–13.)  Apple further argues that PMC's proposed relief—striking all of Apple's invalidity defenses—is overly broad and unwarranted, and would disproportionately preclude Apple from preventing an invalidity defense.  (Dkt. No. 282 at 14.)

## II.   LEGAL STANDARD

The purpose of the Local Rules is to "further the goal of full, timely, discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Cummins–Allison Corp. v. SBM Co*., No. 9:07–cv–196, 2009 763926, at *1 (E.D.Tex. March 19, 2009); *Finisar Corp. v. DirecTV Group, Inc*., 424 F.Supp.2d 896, 901 (E.D.Tex. 2006) (citation omitted) (noting that the goals of the Local Patent Rules include providing adequate notice and information to all parties and ensuring full, timely discovery).

Patent Rule 3-3(b) recites that a party asserting invalidity must, in its invalidity contentions, disclose "[w]hether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified."

## III.   ANALYSIS

As an initial matter, the Court notes that the parties' arguments in the present Motion and related briefing center around Local Patent Rule 3-3, which governs disclosure under invalidity contentions.  PMC filed its Motion seeking relief pursuant to P.R. 3-3 well after this case had progressed past the stage of invalidity contentions.  The relief requested would have been more

appropriate had it been requested concurrent with Apple's service of invalidity contentions. Nevertheless, the Court proceeds to determine whether Apple's invalidity contentions and subsequent invalidity theories developed in Mr. Wechselberger's report complied with the disclosure requirements of this Court.

### A.     Prior Art Combinations

Both sides rely on *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009) for their positions.  In *Realtime Data*,  the plaintiff moved to strike undisclosed invalidity theories from the defendant's motion for summary judgment ("MSJ"), arguing that invalidity theories and prior art combinations that were not previously disclosed or charted should be struck from the defendant's motion for summary judgment.  *Id.* at *1.  There, the court held that references never charted could not be relied upon in the defendant's MSJ because that did not comport with the Local Rules and because it failed give adequate notice of the references to the plaintiff.  *Id.* at *3.  The court further addressed individually charted references that were part of obviousness combinations, holding that the plaintiff was "sufficiently notified" of such references because the references were charted, even if the combinations were not.  *Id.* at *3.  Ultimately, *Realtime Data* holds that to comply with Patent Rule 3-3, a defendant must use more than boilerplate language in its invalidity contentions and its expert reports, such that the plaintiff is "sufficiently notified" that the references will be asserted.

Here, Apple sufficiently notified PMC that it would rely on the prior art combinations now disputed.  Apple's invalidity contentions provided PMC with element-by-element charts for all primary references  relied upon.  (*See, e.g.*, Dkt. No. 282-8.)  Apple further provided PMC with additional element-by-element charts for secondary references, with targeted citations to the secondary references and the element(s) of the asserted claims disclosed therein.  (*See, e.g.*, Dkt. No. 282-9.)  Finally, Apple provided PMC with an explicit listing of all primary references that

could be combined with a delineated list of secondary references. (*See* Dkt. No. 282-9.)  Although this list may indeed result in a vast number of possible combinations, as PMC points out, the list is presumably intended to serve as a sort of summary to PMC, alerting PMC that Apple has identified the sorts of combinations on which it will later rely.  PMC could then look to the element-by-element charts provided by Apple for specific disclosure of what reference discloses what element, and could—following that path—reasonably discern the invalidity theories Apple intended to rely upon, including Apple's theories of which reference disclosed which element(s) of the asserted claims.  Such disclosure meets the requirements of Patent Rule 3-3(b), which required merely that Apple identify "each such combination" of prior art on which it intended to rely.

### B.  Motivations to Combine

Patent Rule 3-3(b) also requires an accused infringer to disclose in its invalidity contentions "the motivation to combine such items" of prior art.  In its invalidity contentions, Apple identified over ten pages of motivations to combine identified prior art references.  (Dkt. No. 282-5 at 9–20.)  To be sure, Apple's disclosure includes a laundry list of all accepted motivations to combine prior art.  (*See, e.g.*, *id.* at 10 ("One or more combinations of the prior art reference identified above and in § I of Exhibit B would have been obvious because these references would have been combined using: known methods to yield predictable results; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; and/or a teaching, suggestion, or motivation in the prior art generally."))  However, in such disclosure Apple also called out such specific motivations as the fact that identified references "are directed towards access control systems for the transmission of programming" and "relate to different techniques to control access to signals and video, thereby enhancing the security, flexibility, and

processing capabilities of the systems," including similar "underlying technology and principles" as well as "eas[y] integration" between the systems in the references. ( *Id.* at 12; *see also id.* at 20.)

PMC cites one sentence from Apple's invalidity contentions reading that Apple "believes that no showing of a specific motivation to combine prior art is required to combine the references disclosed," but fails to mention any of the specific motivations that Apple *does* identify in its contentions. (Dkt. No. 254 at 6.) Apple is permitted to maintain that a particular level of disclosure is not required but in the alternative provide a detailed disclosure that would satisfy a higher burden, regardless of Apple's agreement or disagreement with the higher bar.

And indeed, Apple met a higher bar by providing specific motivations to combine references, including the similarity of the systems (Dkt. No. 282-5 at 12); the similarity of the problems solved (*Id.* at 12–14); Apple's company approach to solving problems (*Id.* at 14–15); and specific principles identified in the prior art as applied to the problems Apple was encountering at the time of invention. (*Id.* at 15–17.) The Court thus finds that in its invalidity contentions, Apple adequately disclosed motivations to combine the prior art references it identified.

### C.  Double-Patenting

PMC does not cite any authority requiring Apple to disclose extensive information about its double-patenting defense; indeed, PMC does not cite any authority explicitly requiring Apple to disclose the existence of a possible double-patenting defense. On the plain face of Patent Rule 3-3, no such disclosure seems to be required. Apple prudently disclosed its double-patenting defenses, including the patents as well as the specific patent claims it was relying on for the defenses. (Dkt. No. 254-3 at 27.) The Court is not persuaded anything else was required.

### D.  Factor Analysis

In determining whether to exclude evidence based on a party's failure to comply with the Local Patent Rules, courts in this district consider i) the danger of unfair prejudice to the

nonmovant, ii) the length of the delay and its potential impact on judicial proceedings, iii) the reason for the delay, including whether it was within the reasonable control of the movant, iv) the importance of the particular matter, including the adequacy of lesser sanctions, and v) whether the offending party was diligent in seeking an extension of time, or in supplementing discovery when required. *Tyco Healthcare Group LP v. Applied Med. Res. Corp.*, 2009 WL 5842062, at *2 (E.D Tex. Mar. 30, 2009).

Having determined that Apple complied with the Local Rules, the threshold condition that a party failed to comply with the Patent Rules is not met, and the Court need not reach the further analysis.

## IV.    CONCLUSION

In light of the foregoing, Personalized Media Communications, LLC's Motion to Strike Apple Inc.'s Undisclosed Invalidity Theories (Dkt. No. 254) is **DENIED**.

**SIGNED this 29th day of January, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE