**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO. 2:15-CV-01366-JRG |
| APPLE, INC., | | |
| *Defendant*. | | |

**MEMORANDUM ORDER**

Before the Court are several disputes as to the expert reports of Mr. Anthony Wechselberger, Apple's technical expert, including the Motion to Strike Portions of the Expert Report of Anthony J. Wechselberger Based on Daubert (the "*Daubert* Motion") filed by Plaintiff Personalized Media Communications, LLC ("PMC") (**Dkt. No. 263**) as well as Plaintiff's Opposed Emergency Motion to Strike Supplemental Expert Report of Anthony J. Wechselberger Regarding Invalidity of U.S. Patent Nos. 8,191,091 and 8,559,635 (the "Emergency Motion") (**Dkt. No. 310**) (collectively, the "Motions"). Having considered the Motions, the related briefing, and the relevant authority, the *Daubert* Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**, and the Emergency Motion is **DENIED**, for the reasons herein.

**I.   BACKGROUND**

The *Markman* hearing in this case was held on June 28, 2016. (Dkt. No. 182.) At that June 28, 2016 hearing, the Court gave the following preliminary constructions of a set of "decrypting" or "decryption" terms:

> (decrypting or decryption) a method that uses a key in conjunction with an associated algorithm to decipher (render intelligible or usable) data
>
> (decryption key) data used by a device or method in conjunction with an associated algorithm to decipher (render intelligible or usable) encrypted information
>
> (encrypted) an operation performed on data in conjunction with an associated algorithm and digital key to render the data unintelligible or unusable

(Dkt. No. 265-6 at 2; Dkt. No. 263 at 3.)

On October 10, 2016, Defendant Apple, Inc. ("Apple") served the report of Mr. Anthony Wechselberger. (Dkt. No. 263 at 3; Dkt. No. 296 at 1.) His report offers his opinions on the invalidity of the patents asserted in this case. (*See* Dkt. No. 265-2.) In delivering his invalidity opinions, Mr. Wechselberger relies on the preliminary claim constructions given by the Court at the *Markman* hearing. (*See* Dkt. Nos. 182, 263 at 3, 265-2, 265-6.) Also as part of his report, he notes that he has been involved in *inter partes* review ("IPR") proceedings against the same patents, and references his declarations that were submitted in those proceedings. (*See, e.g.*, Dkt. No. 265-2 ¶¶ 118, 122, 135, 148, 155.)

On October 25, 2016, the Court issued its Claim Construction Order, wherein the "decrypting" and "decryption" terms were construed as below:

> "decrypting" and "decryption" means "a method that uses a digital key in conjunction with an associated algorithm to decipher (render intelligible or usable) digital data"
>
> "decryption key" means "digital data used by a device or method in conjunction with an associated algorithm to decipher (render intelligible or usable) encrypted digital information"
>
> "encrypted" means "an operation performed on digital data in conjunction with an associated algorithm and digital key to render the digital data unintelligible or unusable"

(Dkt. No. 246 at 17–18.) These final constructions differed from the preliminary constructions only by the addition of the modifier that the previously-recited data was "digital."

2

On November 21, 2016, PMC filed the present *Daubert* Motion seeking to strike portions of Mr. Wechselberger's report pursuant to the requirements imposed by *Daubert*. (Dkt. No. 263.)

Apple served a supplemental report of Mr. Wechselberger on December 8, 2016. (Dkt. No. 310 at 1; Dkt. No. 310-2.) Plaintiff Personalized Media Communications, LLC ("PMC") subsequently brought the present Emergency Motion, seeking to strike Mr. Wechselberger's supplemental report.[1]

The parties have jointly indicated to the Court that this challenge is still live.[2]

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 provides that a witness who is "qualified by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The witness must possess "knowledge, skill, experience, training, or education" in the relevant field in order to be qualified to express his expert opinion on the topic in issue. *Id.* "The proponent of expert testimony [] has the burden of showing that the testimony is reliable." *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

As a threshold inquiry into admissibility, any expert testimony offered or introduced by a party must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Accordingly, district courts must exclude evidence that is based on unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology

---

[1] Although the timeline of these motions and the Court's determination thereon is quite distant in the past due to a stay pending *inter partes* review, the stay has been lifted as to the allegations concerning U.S. Patent No. 8,191,091, and the parties have jointly indicated to the Court that the present Motion is still a live dispute. (*See* Dkt. Nos. 377, 451.)
[2] *See* Dkt. No. 377 at 2, Dkt. No. 451 at 28. The Court notes that the *Daubert* Motion seeks to strike a variety of portions of Mr. Wechselberger's report. In light of the current status of the case, where only U.S. Patent No. 8,191,091 (the "'091 Patent ") is set for jury selection, the Court herein addresses only portions of Mr. Wechselberger's report pertaining to the '091 Patent, not any other previously-asserted patent.

is not sufficiently tied to the facts of the case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

## III.  ANALYSIS

### A.  The *Daubert* Motion

Relying on Rule 26(a)(2)(B) and FRE 702, PMC argues that (1) Wechselberger uses the wrong construction of "decryption" (Dkt. No. 263 at 1, 3–4, 5–7); (2) Wechselberger used the wrong claim construction standard when he incorporated by reference his declaration at the inter partes review, which use the broadest reasonable interpretation standard (Dkt. No. 263 at 4–5); and (3) Wechselberger merely provides conclusory statements that prior art systems were publicly available, and thus does not actually demonstrate public availability, nor the functioning of the alleged prior art systems. (Dkt. No. 263 at 7–8, 13.)

Apple responds that (1) Wechselberger used the preliminary construction of "decrypting" that was available at the time his report issued and confirmed that the Court's final construction did not alter his analysis after it issued (Dkt. No. 296 at 4, 9–10); (2) Wechselberger confirms in his report that he uses the applicable claim construction standard in this litigation, and does not reference in any way the broadest reasonable interpretation portions of his IPR declaration, instead confirming that under the appropriate standard, he renders his opinions in this case (Dkt. No. 296 at 6–9); and (3) Wechselberger's opinions regarding the prior art systems are reliable and supported both by his experience working at OAK during the relevant time period, as well as dozens of printed publication reference citations in his report. (Dkt. No. 296 at 10–15.)

The Court addresses each portion of the Motion herein.

### 1. Preliminary Claim Construction Used by Wechselberger

PMC first seeks to strike from Mr. Wechselberger's report portions that use the Court's

4

preliminary construction of "decryption." (Dkt. No. 263 at 1, 3–4, 5–7.) Specifically, PMC argues that Mr. Wechselberger applied a construction of the decryption terms in his report that encompassed descrambling and scrambling, in direct contradiction to the Court's Claim Construction Order specifying that decryption is performed on digital data. (*Id.* at 5.) In performing his invalidity analysis, Mr. Wechselberger therefore found that the prior art disclosed the decrypting limitations of the '091 Patent when it disclosed descrambling on analog signals. (*Id.* at 5; Dkt. No. 265-7 at 136:3–137:3.)

Apple responds that Mr. Wechselberger provided his opinions under the preliminary claim construction, which was live at the time he delivered his report. (Dkt. No. 296 at 9.) Apple maintains that the final construction does not impact Mr. Wechselberger's invalidity opinions and has little impact on his analysis. (*Id.*) Apple further notes that Mr. Wechselberger has since provided a supplemental report using the Court's final claim construction. (*Id.*)

The Court is mindful of the position that Mr. Wechselberger was in. Although Apple notes that Mr. Wechselberger has provided a supplemental report addressing the Court's final claim construction,[3] Mr. Wechselberger has no live opinions in his Opening Report that address or provide analysis pursuant to the Court's final claim construction of certain terms, which is the construction that is operative now and will be operative at trial. Indeed, if the portions of his report using the preliminary construction are stricken, Mr. Wechselberger will be unable to provide full invalidity opinions.

Nevertheless, it is clear that Mr. Wechselberger may not testify at trial in contravention of the Court's final claim construction. *See, e.g.,* Dkt. No. 246 at 92 ("[T]he parties should ensure that all testimony that relates to the terms addressed in this Order is constrained by the Court's

---

[3] This Supplemental Report is subject to a Motion to Strike by PMC, as well. (Dkt. No. 310.)

reasoning . . . The references to the claim construction process should be limited to informing the jury of the constructions adopted by the Court.")  Accordingly, PMC's Motion with respect to the portions of Mr. Wechselberger's report that use an inoperative claim construction is hereby **GRANTED**, and the portions of his report in contravention of the Court's final claim construction are **STRICKEN**, including paragraph 64.

There is no indication Mr. Wechselberger's report was served in anything but a good faith effort to abide by the claim constructions live at the time his report was provided.  The Court therefore finds that to prohibit him from providing updated invalidity opinions would be too severe a consequence.  Accordingly, the Court addresses Mr. Wechselberger's Supplemental Report later in this Order.

### 2. Claim Construction Standard Used by Wechselberger in Cited IPR Declarations

Secondly, PMC takes issue with the claim construction standard Mr. Wechselberger used in his report, which incorporates by reference his declaration at the *inter partes* review.  (Dkt. No. 263 at 4–5.)  Apple argues that these portions of his report should not be stricken because Wechselberger confirms in his report that he opines under the proper claim construction standard and does not reference in any way the broadest reasonable interpretation portions of his IPR declaration.  (Dkt. No. 296 at 6–9.)

Although Mr. Wechselberger references the declarations he submitted in the related *inter partes* review in his report, he notes from the outset of each opinion that he is "apply[ing] the construction of claim terms offered in the current proceeding as they are set out in Section IV above."  (Dkt. No. 265-2 ¶¶ 136, 149, 15.)  Section VI states that "[f]or purposes of this Report, [Wechselberger] appl[ies] the Court's preliminary construction of claim terms," and includes a table of all preliminary claim constructions from the Court.  (Dkt. No. 265-2 ¶ 64.)  Section VI

further notes that Mr. Wechselberger applies the ordinary and customary meaning that the terms would have had to a POSITA at the time of invention for all claim terms not construed by the Court.  (*Id.* ¶ 65.)

PMC has failed to point to any portion of Mr. Wechselberger's opinion that is clearly limited to or modified by the broadest reasonable interpretation standard such that the reliability of his methodologies is questionable.  To be sure, Mr. Wechselberger could have more eloquently laid out the claim construction standard he was using in his analysis and if/how it changed the analysis he had laid out in his IPR declarations.  Nevertheless, despite this lack of explicit articulation of his analysis, the Court is not persuaded that Wechselberger used the wrong claim construction standard.  On the contrary, his opinions themselves state that he applied the proper standard, and PMC is free to address any perceived deficiencies on cross examination at trial.  Accordingly, this portion of PMC's Motion is **DENIED**.

### 3. Opinions on Prior Art Systems, and Public Availability Thereof

Finally, PMC takes issue with Mr. Wechselberger's opinions on prior art systems, arguing that he does not adequately demonstrate public availability of these systems, nor the functioning of the alleged prior art systems.  (Dkt. No. 263 at 7–8, 13.)  Apple contends that PMC ignores the evidence presented in Mr. Wechselberger's report, and that his opinions on the prior art systems are reliable because they are based on his own experience and documentary evidence cited in his report.  (Dkt. No. 296 at 11–12.)

PMC appears to take issue with the introductory paragraphs of each prior art system that Wechselberger discusses, which conclusorily state that prior art was available as of a particular date.  (Dkt. No. 263-2 ¶¶ 206, 251, 295.)  However, this argument ignores the 131 paragraphs following these conclusions laying out support for Wechselberger's opinions.  (*Id.* ¶¶ 206–337).

Those intervening paragraphs include citations to Wechselberger's own experiences during corresponding time frames, as well as documents supporting his opinions on the systems that are dated from the alleged public availability date. (*Id.*)  Such support is sufficient to demonstrate a reliable methodology and reasonable basis as required by the *Daubert* standard, and PMC may of course question Mr. Wechselberger on the public availability of the prior art systems during cross examination.

Accordingly, this portion of PMC's Motion is **DENIED**.

### B.  The Emergency Motion

PMC moves to strike Wechselberger's supplemental report according to (1) Patent Rule 3-6, which allows amendment of invalidity contentions without leave of Court within 50 days of a Claim Construction Order *if* the party opposing it believes in good faith that the claim construction requires it; (2) Federal Rule of Civil Procedure 26(a)(2)(B), which requires expert reports to be complete statements; and (3) Federal Rule of Evidence 702, which places limits on an expert's opinions.  Specifically, PMC argues that Wechselberger's Supplemental Report contains three categories of opinions, which should be stricken for reasons corresponding to each category:

***References Not Affected by Court's Construction.***  PMC requests the portions of the supplemental report admittedly not affected by the claim construction order to be stricken. (Dkt. No. 310 at 9–10.)

***Prior Art Systems Previously Based on Personal Knowledge.*** PMC argues the Court should strike the portions of the supplemental report that relate to prior art systems. (*Id.* at 10.). Specifically, PMC asserts that Wechselberger's opening report merely identified prior art systems based on his personal knowledge, that PMC subsequently filed a *Daubert* motion, and that the

8

supplemental report seeks to fill the holes identified by the *Daubert* motion by offering more substantial opinions on the public availability of the systems. (*Id.* at 11.). Although much of the evidence was cited in the background sections of Wechselberger's opening report, PMC argues that it was not relied upon to corroborate Wechselberger's personal knowledge. (*Id.* at 11.). PMC argues that this is improper supplementation of opinions in an effort to fix problems in the opening report, and that these supplementations were not necessitated by the Court's Claim Construction Order. (*Id.* at 12–13.)

***Obviousness Statements.*** PMC argues the Court should strike the remaining portions of Wechselberger's Report because they contain merely general assertions of obviousness that do not properly identify even which claim elements are being challenged or why. (Dkt. No. 310 at 13–14.). PMC asserts these paragraphs merely provide conclusory allegations of obviousness. (*Id.*)

Apple responds with the global argument that the supplemental report was served to address ambiguities PMC took issue with, and now Apple is criticized if it does supplement Mr. Wechselberger's report, and he will be criticized if it doesn't. Apple further argues that the supplemental report was properly and timely served because it accounted for the court's later-issued claim constructions, and therefore was required under Rule 26(a)(2)(E) (Dkt. No. 334 at 5); Apple only learned of deficiencies when PMC served its *Daubert* motion, since PMC didn't raise any issues at Wechselberger's deposition (*Id.* at 6); and the supplemental report was proper under Local Patent Rule 3-6 because at this stage in the case, the expert report effectively plays the role of invalidity contentions and was within 50 days of service of claim construction order. (*Id.* at 6–7).

Apple further contends that any prejudice is due to PMC's inaction, not Apple. (*Id.* at 7–9). Specifically, Apple argues that there is no prejudice because Mr. Wechselberger merely incorporated his original assessment in his supplemental report. (*Id.* at 7–8). Apple points blame at PMC, stating PMC knew it was confused by Mr. Wechselberger's report in light of the claim construction, yet failed to point it out, including by avoiding asking any questions regarding any changes to the claim construction at Mr. Wechselberger's deposition. (Dkt. No. 334 at 8.)

Apple then argues that Wechselberger's supplemental report addresses the court's claim construction, adopting PMC's categories above:

***References Not Affected by Court's Construction.*** Apple argues that PMC demanded this clarification, and cannot now say it is unwarranted in light of the claim construction order. (*Id.* at 9–10).

***Prior Art Systems Previously Based on Personal Knowledge.*** Apple contends that the supplemental report is merely reiterating Mr. Wechselberger's original opinions regarding how the Court's construction impacts his analysis, informed by his personal knowledge. (*Id.* at 10.). According to Apple, PMC's challenge is just a rehash of PMC's *Daubert* motion. (*Id.* at 13.)

***Obviousness Statements.*** Apple asserts that PMC can clearly tell what Mr. Wechselberger's obviousness statements correspond to; (*Id.* at 14); the supplemental report largely repeats from Mr. Wechselberger's opening report (*id.* at 13–14); PMC can only claim Wechselberger's opinions are conclusory if it ignores the opening report (Dkt. No. 334 at 15); the issue goes to weight not admissibility (*id.* at 15); and PMC had opportunities to ask Mr. Wechselberger about any changes due to the Court's Claim Construction Order at his deposition but avoided such questions, and therefore PMC should just cross examine Mr. Wechselberger at trial. (*Id.* at 15.)

The threshold issue to the Court's determination is whether or not Mr. Wechselberger's supplemental report—which was served nearly two months after the deadline for service of opening expert reports (Dkt. No. 242 at 3) and three weeks after the close of expert discovery (Dkt. No. 261 at 2)—was properly submitted.

As both parties note, Local Patent Rule 3-6(a)(2) specifies that an accused infringer may serve Amended Invalidity Contentions within 50 days of the Court's claim construction ruling without leave of Court if "the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(2)(B). Absent falling under the purview of that rule, amendment or supplementation of invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).

Although Mr. Wechselberger's supplemental report is not a set of invalidity contentions, the parties agree that, after the Claim Construction Order issued, Patent Rule 3-6(a)(2) governs. (Dkt. No. 310 at 8; Dkt. No. 334 at n.3). The Court therefore need not reach whether Patent Rule 3-6(a)(2) does indeed apply to an expert's report outside these unique facts.

Thus, the Court reaches the crux of the dispute between the parties: whether the 50-day allowance in P.R. 3-6(a)(2) has been triggered. That rule permits the 50-day allowance only if Apple believed in good faith that the Court's Claim Construction Order required supplementation of Mr. Wechselberger's report.

The Court finds that Mr. Wechselberger's supplemental report, by its very words, responds to the Court's Claim Construction Order. (Dkt. No. 334-4 ¶¶ 3–7, 8, 9, 11, 13, 15, 18, 22.) Indeed, the very premise of the report is the issuance of the Claim Construction Order:

> Since I submitted my Opening Report, I understand that Magistrate Judge Payne has issued a Memorandum Opinion and Order ("Claim Construction Opinion")

11

> regarding the construction of certain claim terms. In a few instances the Claim Construction Opinion slightly differs from the preliminary constructions that had been issued by the Court when I submitted my Opening Report.
>
> . . .
>
> I have been asked to address what affect, if any, these new claim constructions have on the opinions I offered in my Opening Report. As I stated at my deposition, the Claim Construction Opinion does not impact the opinions in my Opening Report, but for a few of the prior art references cited in my Opening Report it does slightly affect the underlying analysis, as I further explain below.

(*Id.* ¶¶ 3, 5 (internal citations omitted).)

Additionally, the Court has before it no evidence that the supplemental report exceeds the scope of Mr. Wechselberger's opening report. Instead, in his supplemental report, Mr. Wechselberger relies on the same materials listed in his opening report (Dkt. No. 334-4 ¶ 7; Dkt. No. 334-1 ¶ 6), and repeatedly relates back to the analysis of his opening report. (Dkt. No. 334-4 ¶¶ 7, 10, 12, 14, 16, 19, 23.)

Apple notes that Mr. Wechselberger's supplemental report was served to respond to the confusion over Mr. Wechselberger's opinions in his opening report in light of the later-issued constructions in the Court's Claim Construction Order. (Dkt. No. 334 at 1 ("There is no basis to strike Mr. Wechselberger's supplemental report, which was served in accordance with Patent Local Rule 3-6 to address the Court's final constructions and alleged 'ambiguity' identified by PMC."), 2 ("Apple seeks to provide this straightforward clarification via a supplemental report . . ."), 4 ("Mr. Wechselberger's supplemental report clarified any ambiguity in his opinions and pointed back to the many places in Mr. Wechselberger's opening report where he expressly pointed to digital data as being decrypted in the prior art." (emphasis omitted)).)

Apple also consistently maintains that the underlying opinions in Mr. Wechselberger's opening report were not changed by the Claim Construction Order, echoing Mr. Wechselberger's own statements that there was no change in his opinions, but there were tweaks in his analysis to

accommodate the new construction. (Dkt. No. 334-4 ¶¶ 3–7, 8, 9, 11, 13, 15, 18, 22; Dkt. No. 334 at 6 ("Mr. Wechselberger testified that the Court's later-issue 'decrypting' constructions ***had no impact*** on his ultimate invalidity conclusions, and ***minimal impact*** on his underlying invalidity analysis." (emphasis added).) The Court's own review of the relatively short supplemental report confirms these representations.

Accordingly, P.R. 3-6(a)(2)(B) applies and permits Mr. Wechselberger's supplemental report, as served without leave of Court.

### IV.   CONCLUSION

In light of the foregoing, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** PMC's Motion to Strike Portions of the Expert Report of Anthony J. Wechselberger Based on Daubert (Dkt. No. 263) as laid out above.

Further, the Court **DENIES** Plaintiff's Opposed Emergency Motion to Strike Supplemental Expert Report of Anthony J. Wechselberger Regarding Invalidity of U.S. Patent Nos. 8,191,091 and 8,559,635 (Dkt. No. 310).

**SIGNED this 8th day of February, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE