IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC,<br><br>     Plaintiff<br><br>   v.<br><br>APPLE INC.,<br><br>     Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:15-cv-01366-JRG-RSP<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF PERSONALIZED MEDIA COMMUNICATIONS LLC'S
OBJECTIONS TO, AND MOTION FOR RECONSIDERATION OF
MEMORANDUM AND ORDER DENYING PMC'S MOTION TO
<u>STRIKE APPLE'S UNDISCLOSED INVALIDITY THEORIES (D.I. 459)</u>**

Pursuant to Federal Rule 72 and Local Rule CV-72(b), Plaintiff Personalized Media Communications, LLC ("PMC") hereby objects to, and seeks reconsideration of, the January 29, 2021 Order regarding PMC's Motion to Strike Undisclosed Invalidity Theories. D.I. 459 (the "Order").

The Order does not address the impact of IPR estoppel raised in PMC's Supplemental Brief filed on November 12, 2020. D.I. 387 at 1, n2.

As PMC stated in its Supplemental Brief, Apple is estopped—and admits that it is estopped—from "asserting in the instant litigation that any asserted claim of the '091 patent is invalid based on any ground that Apple raised or reasonably could have raised during the '091 patent IPR." *Id.* [1] Thus, the portions of the Court's Order addressing "prior art combinations"

---

[1] *See Network-1 Technologies, Inc. v. Alcatel-Lucent USA, Inc.*, 2017 WL 4856473 at *1 (E.D. Tex. October 27, 2017) ("The Court agrees with the Magistrate Judge that the plain language of § 315(e)(2) suggests that estoppel applies to non-petitioned grounds—grounds that a party failed to raise in an IPR but reasonably could have done so. . . . A number of districts—including this one—

1

and "motivations to combine" addressed issues that are moot, because Apple is estopped from advancing the grounds for invalidity to which those combinations and motivations relate.[2]  D.I. 459.  To the extent, however, Apple may try to argue that the Order's silence constitutes an implicit rejection of IPR estoppel in this case, PMC objects to the Order and respectfully requests that the Court reconsider its decision and amend the Order to specifically address the impact of IPR estoppel.  See 35 U.S.C. § 315(e)(2).  If it does, it should hold that Apple cannot attempt to establish the invalidity of the '091 patent using any patent or printed publication identified in the Wechselberger Opening Report, including those references identified in paragraphs 94, 107-08, 127, 130, 140, 143, 151, and 158. See D.I. 254, Ex A (Wechselberger Opening Report)

Dated:  February 12, 2021

/s/  S. Calvin Capshaw
Douglas J. Kline
Lana S. Shiferman
Sarah J. Fischer
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
P:  (617) 570-1000
email: dkline@goodwinlaw.com
email: lshiferman@goodwinlaw.com
email: sfischer@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER, LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
email:  aong@goodwinlaw.com

---

have adopted a similar view of the AIA estoppel provision.")

[2] In its Order, the Court states that PMC "seeks to strike paragraphs 127, 130, 140, 143, 151, 158, 367-69, 374-76, 378-457, 489-500, 509, 756-59, 803-06, 988, 1012-21 and 1170-1348." D.I. 459 at 2.  In its Supplemental Brief, however, PMC limited the motion to paragraphs 94, 107-108 and 1170-1184 of the Wechselberger Opening Report.  D.I. 387 at 1.

        S. Calvin Capshaw (State Bar No. 03783900)
        Elizabeth L. DeRieux (State Bar No. 05770585)
        CAPSHAW DERIEUX, LLP
        114 E. Commerce Ave.
        Gladewater, TX 75647
        P: (903) 845-5770
        email: ccapshaw@capshawlaw.com
        email: ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Personalized Media Communications, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service on February 12, 2021. Local Rule CV-5(a)(3)(A).

/s/ *S. Calvin Capshaw*