IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 2:15-cv-01366-JRG-RSP |
| APPLE INC., | ) ) ) | |
| Defendant | ) ) | |

**PLAINTIFF PERSONALIZED MEDIA COMMUNICATIONS LLC'S
OBJECTIONS TO, AND MOTION FOR RECONSIDERATION OF
<u>ORDER DENYING PMC'S MOTION TO MOVE TRIAL DATE</u>**

Pursuant to Federal Rule 72 and Local Rule CV-72(b), Plaintiff Personalized Media Communications, LLC ("PMC") hereby objects to, and seeks reconsideration of, the January 29, 2021 Order denying PMC's Motion to Move Trial Date (the "Order"). D.I. 457.

PMC learned on January 20, 2021 that its damages expert Michael J. Dansky would be unable to attend trial in March 2021 ███████████████████. *See* Decl. of Douglas J. Kline at ¶ 2. ████████████████████████████████████████

████████████████████████████████████████

██████████████████. *See* Decl. of Michael J. Dansky at ¶¶ 3-6. After considering its options and meeting and conferring with Plaintiffs, PMC filed a Motion to Move the Trial Date on January 27, 2021. D.I. 455. ***Defendant Apple did not oppose that motion.*** Nonetheless, on January 29, 2021, this Court entered the Order denying PMC's motion, and instructed the parties to meet and confer regarding alternatives. D.I. 457.

████████████████████████████████████████

1

███████

███████

███████

███████

███████

███████

███████

███████

███████

███████ Despite its best efforts, PMC has been unable to find a suitable substitute given the severe time constraints, circumstances, and conditions.  PMC therefore finds itself two weeks out from trial without a damages expert, for reasons entirely outside its control, able to appear at trial in March 2021, either live or by trial deposition.[1]

It goes without saying that PMC will be *severely* prejudiced if required to proceed to trial and present its damages case without a damages expert.  In the related context of motions to substitute, courts have recognized the severe prejudice a party faces if deprived of an expert, and routinely allow substitutions ███████ *See Shipp v. Arnold*, No. 4:18-cv-4017, 2019 WL 4040597, at *3 (W.D. Ark. Aug. 27, 2019) (allowing substitution upon death of an expert witness and noting the court's intention to "entertain a motion for a trial continuance" in order "to avoid prejudicing either side by giving

---

[1] PMC's damages expert, Michael J. Dansky, informed PMC ███████

*See* Decl. of Michael J. Dansky.

2

them inadequate time" in light of the substitution); *Stringer v. Cambria Fabshop-Indianapolis, LLC*, No. 1:13-cv-00659-SEB-TAB, 2015 WL 13632234, at *1 (S.D. Ind. Oct. 2, 2015) (granting motion to substitute where expert witness became unavailable due to the illness of her spouse); *Baumann v. Am. Family Mut. Ins. Co.*, 278 F.R.D. 614, 616 (D. Colo. 2012) (granting plaintiff's motion to substitute expert witness after his death, as depriving plaintiff of the ability to conduct a direct examination and provide live witness testimony would be prejudicial); *Torres v. MacTac Trading Corp.*, No. 93-cv-5320, 1998 WL 603103, at *2 (N.D. Ill. Sept. 4, 1998) (allowing substitution where expert witness suffered from leukemia and was unable to testify).

Here, unfortunately, substitution is impossible under the circumstances, but Mr. Dansky himself will be available in a few short months.  This is a major case that has spanned years, and both sides have dedicated substantial resources to its litigation.  PMC is seeking ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, should the jury find the patent-in-suit valid and infringed.  No fact witness is able to step in the shoes of Mr. Dansky to present PMC's sophisticated damages theories.  PMC is fully prepared to proceed to trial on infringement.

PMC therefore respectfully moves this Court to reconsider its Order denying PMC's Unopposed Motion to Move the Trial Date and to postpone the March 2021 trial to a date after June 2021 when Mr. Dansky is available.  Alternatively, PMC asks the Court to bifurcate damages and proceed to trial on liability only[2] or move the trial to April 2021 to allow PMC additional time to find an appropriate replacement.

---

[2] PMC intends to filed a motion to bifurcate damages upon a meet and confer with Apple.

Dated:  February 12, 2021    /s/  *S. Calvin Capshaw*
Douglas J. Kline
J. Anthony Downs
Kevin P. Martin
Lana S. Shiferman
Sarah J. Fischer
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
P:  (617) 570-1000
email: dkline@goodwinlaw.com
email: jdowns@goodwinlaw.com
email: kmartin@goodwinlaw.com
email: lshiferman@goodwinlaw.com
email: sfischer@goodwinlaw.com

Naomi Birbach
GOODWIN PROCTER, LLP
620 Eighth Avenue
New York, NY 10018
P: (212) 813-8800
F: (212) 355-3333
email: nbirbach@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER, LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
email:  aong@goodwinlaw.com

S. Calvin Capshaw (State Bar No. 03783900)
Elizabeth L. DeRieux (State Bar No. 05770585)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
P: (903) 845-5770
email: ccapshaw@capshawlaw.com
email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Personalized Media Communications, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via electronic mail on February 12, 2021.

/s/ <u>S. Calvin Capshaw</u>

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document was filed under seal pursuant to the Protective Order entered in this matter.

/s/ <u>S. Calvin Capshaw</u>