IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, §<br>§<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>APPLE INC., §<br>§<br>*Defendant*. § | Case No. 2:15-cv-01366-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant Apple Inc.'s Emergency Motion to Strike Portions of the New Expert Report of PMC's Substitute Damages Expert Michael Pellegrino ("Motion"). **Dkt. No. 507**. The Court previously granted a motion to designate Mr. Michael Pellegrino as a substitute expert under certain stipulations. Dkt. No. 506. Apple now moves the Court to strike portions of Mr. Pellegrino's expert report as well as strike certain redactions of PMC's previous damages expert report. *See* Dkt. No. 507 at 9. Apple's Motion is **DENIED**.

### I. BACKGROUND

On January 27, 2021, Personalized Media Communications, LLC ("PMC") filed an Unopposed Motion to Move the Trial Date. Dkt. No. 455. In its motion, PMC moved to postpone trial, in part because Mr. Michael Dansky, PMC's damages expert, would not be able attend. *Id.* at 1–2[1]. PMC's motion to move the trial date was denied. Dkt. No. 457. PMC subsequently searched for an appropriate substitute expert. PMC eventually confirmed the availability of Mr. Pellegrino. *See* Dkt. No. 507-1 at 2–4. On February 22, 2021, PMC and Apple conducted a meet and confer regarding PMC's intention to file a motion to substitute Mr. Pellegrino. *See* Dkt. No.

---

[1] Citations are to page numbers assigned by ECF.

509-1 ¶ 20. After the meet and confer, PMC and Apple worked together to establish a set of stipulations that would govern Mr. Pellegrino's report as well as Apple's subsequent deposition and rebuttal report. *See id.* ¶ 21. On February 23, 2021, PMC filed an unopposed motion to substitute Mr. Pellegrino ("Substitution Motion"). Dkt. No. 491. In its motion, PMC represented:

> Mr. Pellegrino will adopt substantially all of Mr. Dansky's prior reports, methodology, and deposition testimony as if it were his own, with the only exception being Mr. Dansky's 50/50 split of the profit attributable to the '091 patent as reflected in factors 13 and 15 of Mr. Dansky's report. Instead, Mr. Pellegrino will opine that PMC and Apple would have agreed to split the profit attributable to the '091 patent with 25% to PMC and 75% to Apple resulting in a royalty rate of $0.0044 and provide the full basis and support for his opinion ("Supplemental Report").

*Id.* ¶ 1.

The Court subsequently granted the unopposed motion ("Substitution Order"), adopting the agreed stipulations contained in PMC's unopposed Substitution Motion. *See* Dkt. No. 506. The Substitution Order specifically states, "the parties have represented the following stipulations that the Court expressly relies on in granting the Motion." *Id.* ¶ 1.

On March 1, 2021, Apple filed this motion alleging Mr. Pellegrino's report does not comport with the agreed upon procedures. Dkt. No. 507 at 7. On March 2, 2021, PMC filed a response to the Motion. Dkt. No. 509. On March 3, 2021, Apple filed its reply. Dkt. No. 511.

## II. ANALYSIS

Apple argues that Mr. Pellegrino's report should be excluded in its entirety because the report introduced impermissible new opinions.

### A. Mr. Pellegrino's Allegedly New Analysis, New Framework, and New Apportionment Factors

Apple alleges "Mr. Pellegrino fundamentally alters Mr. Dansky's opinions and methodology, well beyond the 50/50 split." Dkt. No. 507 at 7–8. Apple claims Mr. Pellegrino's analysis is based on previously undisclosed analytical frameworks, in particular the "Teece," and the BVR frameworks—which Apple calls the "Pellegrino" framework. *See id.* at 10–11. Apple also claims Mr. Pellegrino's report includes several other new opinions such as "conjoint survey data" and "hedonistic price analysis." *See id.* at 12. Apple also alleges that Mr. Pellegrino has impermissibly further apportioned the royalty base. *See* Dkt. No. 511 at 3 (citing Dkt. No. 511-1 at 18, 21, 22).

PMC counters that Mr. Pellegrino's report adopted substantially all of Mr. Dansky's prior reports, methodology, and deposition testimony except for *Georgia-Pacific* factors 13 and 15. *See* Dkt. No. 509 at 9–10. PMC argues Mr. Pellegrino's report is firmly within the scope of the Substitution Order. *Id.* at 9. PMC submits that Apple incorrectly assumed Mr. Pellegrino would only make "one minor mathematical correction" and not add any additional analysis despite unambiguous signals that Mr. Pellegrino's report would change "something more than just the naked profit split figure." *Id.* at 10.

The changes in Mr. Pellegrino's report are within the scope of the Substitution Order. Dkt. No. 506 at 1. The Court is satisfied that Mr. Pellegrino adopted substantially all of Mr. Dansky's opinion as it relates to the royalty calculation. *See* Dkt. No. 509 at 12 (PMC represents Mr. Pellegrino adopted the "$0.31 profit-per-download figure," the "5.6% of profit attributable to FairPlay," "same 100% of the FairPlay profit attributable to the '091 patent," and the "same royalty base (number of infringing downloads)."). Furthermore, Mr. Pellegrino's alleged additional apportionment of the royalty base is the result of a difference in jargon between Mr. Pellegrino

and Mr. Dansky, which PMC sought to correct in their errata sheet. Dkt. No. 511-2 at ¶¶ 2–3. Again, the passages where Apple claims Mr. Pellegrino additionally apportioned royalty base are contextually placed in *Georgia-Pacific* factor 13, which, as will be discussed below, is permissible.

All of the new information Apple argues should be excluded is actually within the scope of the Substitution Order. The parties agreed that the only part of Mr. Dansky's report that would not be adopted, and thus modified, is

> Mr. Dansky's 50/50 split of the profit attributable to the '091 patent *as reflected in factors 13 and 15 of Mr. Dansky's report*. Instead, Mr. Pellegrino *will opine* that PMC and Apple would have agreed to split the profit attributable to the '091 patent with 25% to PMC and 75% to Apple resulting in a royalty rate of $0.0044 *and provide the full basis and support for his opinion* ("Supplemental Report").
> Dkt. No. 506 ¶ 1 (emphasis added).

Dkt. No. 506 ¶ 1 (emphasis added). The new information Apple alleges is impermissible *is* Mr. Pellegrino's 25/75 split royalty opinion, along with his "full basis and support" for that opinion. See generally Dkt. No. 507 ¶¶ 25–47. The Court cannot fault Mr. Pellegrino for doing exactly as instructed. The Court did not assume that Mr. Pellegrino was only going to amend "one minor mathematical correction." The Substitution Order contemplated that Mr. Pellegrino's supplemental report would provide "the *full* basis and support for [Mr. Pellegrino's] opinion." Dkt. No. 506 ¶ 1 (emphasis added).

### B. Prejudice from any Alleged New Opinions, New Analysis, and Apportionment Factors

Apple argues that it has been severely prejudiced by Mr. Pellegrino's report. It alleges that its "technical and damages experts could not possibly fully compile and analyze the necessary responsive evidence, draft written reports regarding their resulting opinions, and also prepare to testify regarding those opinions at trial." Dkt. No. 507 at 14.

PMC, on the other hand, contends "everything in the Supplemental Report was anticipated and allowed by this Court's order. Even if there were some minor foot fault, there would be no prejudice to Apple." Dkt. No. 509 at 14. They argue "Apple has more than enough time and legal resources both to depose Mr. Pellegrino concerning the bases for his profit split, to prepare Mr. Thomas's supplemental rebuttal report, and to prepare to cross-examine Mr. Pellegrino at trial." *Id*.

Apple also argues it is prejudiced by Mr. Pellegrino's testimony as it relates to *Georgia-Pacific* factors 13 and 15. *See* Dkt. No. 507 at 15 (Apple lists several factors Mr. Pellegrino considered in his *Georgia-Pacific* factor 13 analysis). As discussed above, Apple agreed to allow Mr. Pellegrino fully explain his 25/75 split figure in *Georgia-Pacific* factors 13 and 15. Apple will not be hear to now argue has been prejudiced by the agreement it bargained for. However, the Court will grant Apple additional time to conduct its deposition of Mr. Pellegrino, not to exceed 5 hours total.[2]

Apple alleges it has been prejudiced by Mr. Pellegrino's redaction of certain segments of Mr. Dansky's report. *See* Dkt. No. 507 at 16–17. Apple, however, has not made any specific showings that Mr. Pellegrino's redactions prejudice it. If Apple can show specific instances of unjust prejudice, then Apple may be entitled to have those redactions stricken. During the pre-trial conference Apple will be permitted to present any specific redactions that allegedly cause undue prejudice.

Apple argues the Court should exclude Mr. Pellegrino's "patent defense" factor because it is contrary to the Court's *in limine* ruling. Dkt. No. 511 at 5. It argues "The Court prohibited any

---

[2] The Court instructs to the parties to email daniel_shuminer@txed.uscourts.gov, if they cannot resolve the issue of when and where to conduct the deposition of Mr. Pellegrino.

evidence of PMC's litigation efforts other than in the very limited context of 'necessary mention of other litigation underlying any settlement licenses used in the damage analysis.'" Id. (*quoting* Dkt. No. 510 at 2). This is not the case. Mr. Pellegrino's report discussing PMC's "patent defense" does not violate the Court's *in limine* Order. The supplemental report does not discuss other litigation by PMC in any manner that will lead to inquiry into any other such litigation.

### III.  CONCLUSION

It is **ORDERED** that the time allotted for Mr. Pellegrino's deposition be extended from 2.5 hours to 5 hours. It is therefore **ORDERED** that during the upcoming pre-trial conference Apple may any present specific instances where Mr. Pellegrino's redaction(s) cause Apple unjust prejudice. It is further **ORDERED** that Apple disclose, at least forty-eight (48) hours before the start of the upcoming pre-trial conference, to PMC and to the Court[3] the specific instances and arguments it plans to present in the pre-trial conference. In all other respects, the Motion is **DENIED**.

**SIGNED this 4th day of March, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] Please email daniel_shuminer@txed.uscourts.gov with Apple's disclosure attached.