# EXHIBIT 1

# Apple's Opening Statement

*Personalized Media Communications, LLC v. Apple Inc.*

*Case No. 15-cv-01366-JRG-RSP*

DDX-1.0001

Case: 18-2390   Document: 89   Page: 1   Filed: 06/01/2021

**United States Court of Appeals for the Federal Circuit**

GILBERT P. HYATT,
*Plaintiff-Cross-Appellant*

v.

ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,
*Defendant-Appellant*

2018-2390, 2018-2391, 2018-2392, 2019-1038, 2019-1039, 2019-1049, 2019-1070

Appeals from the United States District Court for the District of Columbia in Nos. 1:05-cv-02310-RCL, 1:09-cv-01864-RCL, 1:09-cv-01869-RCL, 1:09-cv-01872-RCL, Senior Judge Royce C. Lamberth.

Decided: June 1, 2021

ANDREW M. GROSSMAN, Baker & Hostetler LLP, Washington, DC, argued for plaintiff-cross-appellant. Also represented by MARK W. DELAQUIL, JASON F. HOFFMAN.

THOMAS W. KRAUSE, Office of the Solicitor, United

---

that arose during the course of the delay. *Id.* The Court held that, by delaying to "mak[e] the term of the monopoly square with the period when the commercial profit from it would have been highest," Woodbridge "forfeit[ed] the right to a patent by designed delay." *Id.* at 56. The Court reasoned that

> [a]ny practice by the inventor and applicant for a patent through which he deliberately and without excuse postpones beyond the date of the actual invention, the beginning of the term of his monopoly, and thus puts off the free public enjoyment of the useful invention, is an evasion of the statute and defeats its benevolent aim.

*Id.* at 56.

*Hyatt v. Hirshfeld,* No. 2018-2390, 2021 WL 2197394, at *9 (Fed. Cir. June 1, 2021)

DDX-1.0002

# Witnesses


**Anthony Wechselberger**
Apple Expert


**Dr. Stephen Wicker**
Apple Expert


**Roger Pantos**
Apple Engineer


**Bud Tribble**
Apple Engineer


**Thomas Scott**
PMC GC


**John Harvey**
PMC Inventor / Chairman


**Kazie Metzger**
PMC CEO


**Robert Caird**
(Former) PMC Sr. VP of Corporate Development


**Stephen McCandless**
(Former) PMC Sr. VP of Finance


**Dr. Samuel H. Russ**
PMC Expert


**Gerald Holtzman**
PMC President


**Boyd Lemna**
PMC Senior VP

DDX-1.0003

# The '091 Patent



DTX-3

- Issue date: May 29, 2012

- Expiration date: July 6, 2027

- File date: June 7, 1995
  Application No.: 08/485,507

DDX-1.0004



DDX-1.0005





DDX-1.0007







### Strategy for Prosecuting Pending Patents in the United States

\* \* \*

By prosecuting the separate inventions serially rather than simultaneously, the patent owner achieves a portfolio of patent coverage that provides protection for considerably longer than seventeen years because the the various patents issue gradually over time and the seventeen term of each patent begins on its issue date.

DTX-89 at 6-7

The Company believes that it can continue to prosecute broad claims on all its technologies, including PTV, PPrint, PRadio, and its communications metering and broadcast-oriented parallel processing systems, for years to come. Its strategy is to prosecute coverage on its technologies deliberately over time in such a way that broad coverage is in effect at any given time while the duration of coverage is prolonged as long as possible.

DTX-89 at 7

DDX-1.0010



# AN INTRODUCTION TO

# THE PERSONALIZED MASS MEDIA CORPORATION

## APRIL, 1992

DTX-1000.0001

### PMMC Attributes and Benefits

Among the principle attributes and benefits of PMMC are:

Proprietary Position. The hardware, methods of operation, software and firmware required to implement PMM communications, automation, metering and monitoring are protected by a portfolio of patents, pending patents, proprietary know-how, business and trade secrets, market research and application descriptions covered by copyright, and the combined expertise of the management and consultants responsible to the company. Among its issued and pending patents are several that PMMC believes to be "seminal" and market defining. This position assures the Company the ability to set industry standards and protocols, define markets, assign market share, control distribution channels and extract substantial licensing fees and royalty payments.

==PMMC believes that its intellectual property position will enable it to exercise far-reaching market control for as long as 30 to 50 years.==

DTX-1000.0005

DDX-1.0011

Case: 18-2390   Document: 89   Page: 1   Filed: 06/01/2021

**United States Court of Appeals for the Federal Circuit**

GILBERT P. HYATT,
*Plaintiff-Cross-Appellant*

v.

ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,
*Defendant-Appellant*

2018-2390, 2018-2391, 2018-2392, 2019-1038, 2019-1039, 2019-1049, 2019-1070

Appeals from the United States District Court for the District of Columbia in Nos. 1:05-cv-02310-RCL, 1:09-cv-01864-RCL, 1:09-cv-01869-RCL, 1:09-cv-01872-RCL, Senior Judge Royce C. Lamberth.

Decided: June 1, 2021

ANDREW M. GROSSMAN, Baker & Hostetler LLP, Washington, DC, argued for plaintiff-cross-appellant. Also represented by MARK W. DELAQUIL, JASON F. HOFFMAN.

THOMAS W. KRAUSE, Office of the Solicitor, United

---

that arose during the course of the delay. *Id.* The Court held that, by delaying to "mak[e] the term of the monopoly square with the period when the commercial profit from it would have been highest," Woodbridge "forfeit[ed] the right to a patent by designed delay." *Id.* at 56. The Court reasoned that

> [a]ny practice by the inventor and applicant for a patent through which he deliberately and without excuse postpones beyond the date of the actual invention, the beginning of the term of his monopoly, and thus puts off the free public enjoyment of the useful invention, is an evasion of the statute and defeats its benevolent aim.

*Id.* at 56.

*Hyatt v. Hirshfeld,* No. 2018-2390, 2021 WL 2197394, at *9 (Fed. Cir. June 1, 2021)

DDX-1.0012