# EXHIBIT 6

# Apple's Closing Statement

*Personalized Media Communications, LLC v. Apple Inc.*

*Case No. 15-cv-01366-JRG-RSP*

Case: 18-2390   Document: 89   Page: 1   Filed: 06/01/2021

**United States Court of Appeals**
**for the Federal Circuit**

GILBERT P. HYATT,
*Plaintiff-Cross-Appellant*

v.

ANDREW HIRSHFELD, PERFORMING THE
FUNCTIONS AND DUTIES OF THE UNDER
SECRETARY OF COMMERCE FOR
INTELLECTUAL PROPERTY AND DIRECTOR OF
THE UNITED STATES PATENT AND TRADEMARK
OFFICE,
*Defendant-Appellant*

2018-2390, 2018-2391, 2018-2392, 2019-1038, 2019-1039,
2019-1049, 2019-1070

Appeals from the United States District Court for the
District of Columbia in Nos. 1:05-cv-02310-RCL, 1:09-cv-
01864-RCL, 1:09-cv-01869-RCL, 1:09-cv-01872-RCL, Sen-
ior Judge Royce C. Lamberth.

Decided: June 1, 2021

ANDREW M. GROSSMAN, Baker & Hostetler LLP, Wash-
ington, DC, argued for plaintiff-cross-appellant. Also rep-
resented by MARK W. DELAQUIL, JASON F. HOFFMAN.

THOMAS W. KRAUSE, Office of the Solicitor, United

In the above ways, the district court erred by improperly focusing the analysis on the PTO's conduct rather than Hyatt's conduct. It is not the case that an applicant may prosecute his patents however he or she wishes within the statute and PTO regulation, because the doctrine of prosecution laches places an additional, equitable restriction on patent prosecution conduct beyond those imposed by statute or PTO regulation. An applicant must therefore not only comply with the statutory requirements and PTO regulations but must also prosecute its applications in an equitable way that avoids unreasonable, unexplained delay that prejudices others. *See Cancer Research*, 625 F.3d at 729.

*Hyatt v. Hirshfeld,* No. 2018-2390, 2021 WL 2197394, at *14 (Fed. Cir. June 1, 2021)

In the context of laches, we have held that a delay of more than six years raises a "presumption that it is unreasonable, inexcusable, and prejudicial." *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998). That presumption shifts the burden to the patentee to prove that "either the patentee's delay was reasonable or excusable under the circumstances or the defendant suffered neither economic nor evidentiary prejudice." *Id.* Presumptions of fact such as this "have been created to assist in certain circumstances where direct proof of a matter is for one reason or another rendered difficult." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1581 (Fed. Cir. 1984), *overruled on other grounds by Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985). Presumptions "arise out of considerations of fairness, public policy, and probability, and are useful devices for allocating the burden of production of evidence between the parties." *Id.*

*Hyatt v. Hirshfeld,* No. 2018-2390, 2021 WL 2197394, at *17 (Fed. Cir. June 1, 2021)

# FACT   '091 Expires 40-46 Years After Invention



## FACT '091 Expires 40-46 Years After Invention

## FACT Serial Prosecution Over 13 Years



**FACT** '091 Expires 40-46 Years After Invention

**FACT** Serial Prosecution Over 13 Years

**FACT** 328 Applications In 3 Months





Case: 18-2390   Document: 89   Page: 1   Filed: 06/01/2021

**United States Court of Appeals
for the Federal Circuit**

GILBERT P. HYATT,
*Plaintiff-Cross-Appellant*

v.

ANDREW HIRSHFELD, PERFORMING THE
FUNCTIONS AND DUTIES OF THE UNDER
SECRETARY OF COMMERCE FOR
INTELLECTUAL PROPERTY AND DIRECTOR OF
THE UNITED STATES PATENT AND TRADEMARK
OFFICE,
*Defendant-Appellant*

2018-2390, 2018-2391, 2018-2392, 2019-1038, 2019-1039,
2019-1049, 2019-1070

Appeals from the United States District Court for the
District of Columbia in Nos. 1:05-cv-02310-RCL, 1:09-cv-
01864-RCL, 1:09-cv-01869-RCL, 1:09-cv-01872-RCL, Sen-
ior Judge Royce C. Lamberth.

Decided: June 1, 2021

ANDREW M. GROSSMAN, Baker & Hostetler LLP, Wash-
ington, DC, argued for plaintiff-cross-appellant. Also rep-
resented by MARK W. DELAQUIL, JASON F. HOFFMAN.

THOMAS W. KRAUSE, Office of the Solicitor, United

---

We further hold that, where a patent applicant has committed a clear abuse of the PTO's patent examination system, the applicant's abuse and its effects meet the prejudice requirement of prosecution laches. A clear abuse of the patent system occurs when, for example, the applicant's conduct unduly increases the administrative burden on the PTO and thereby effectively taxes everyone using the system. Such abuse also demonstrates a dangerous likelihood that the applicant is harming the public's interests more broadly, diminishing the patent system's benevolent nature, and stifling innovation and creativity in the useful arts. In rare circumstances like these, an appli-

*Hyatt v. Hirshfeld*, No. 2018-2390, 2021 WL 2197394, at *17 (Fed. Cir. June 1, 2021)

**FACT** '091 Expires 40-46 Years After Invention

**FACT** Serial Prosecution Over 13 Years

**FACT** 328 Applications In 3 Months

**FACT** Administrative Burden

**FACT** FairPlay Launched Nearly Decade Before '091 Patent



# John Harvey Testimony

Q.  Yes, sir.

"The company," and I believe you'll agree with me that's a reference to PMC, "believes that it can continue to prosecute broad claims on all of its technologies, including PTV, PPrint, PRadio, in its communications, metering, and broadcast oriented parallel processing systems for years to come. Its strategy is to prosecute coverage on its technology -- technologies deliberately over time in such a way that broad coverage is in effect at any given time while the duration of coverage is prolonged as long as possible."

The technologies there are PMC's technologies, aren't they? PTV, PPrint, PRadio, those are all PMC technologies, aren't they?

A.  Yes.

Q.  The reference to company is PMC, correct?

A.  I believe so.

                    *     *     *

Q.  And you did what's described in this paragraph, correct?

A.  I believe that that's correct.

Harvey Testimony: 7/11/2013 Zynga Dep. Tr. at 288:3-24; 289:20-22

10



"[P]rosecute coverage … deliberately over time" … "duration of coverage is prolonged-as long as possible."

DTX-89                                    DTX-89.0007



"[M]arkets had yet not matured … therefore, the Company had deliberately chosen not to publicize widely…"

DTX-169                                   DTX-169.0001



"Future patents covering new technologies as they emerge" …
"[P]osition, intended to endure for 30-50 years."

DTX-90                              DTX-90.0025, 0022



"The better strategy may be to keep the PMMC patents hidden while industry infringement is quietly monitored… roll out the patents… after …widely adopted…"

DTX-0017                                  DTX-0017.0003



"[I]ntellectual property position will enable … far-reaching market control for as long as 30 to 50 years."

DTX-1000                                  DTX-1000.0005

11

Case: 18-2390    Document: 89    Page: 1    Filed: 06/01/2021

**United States Court of Appeals**
**for the Federal Circuit**

GILBERT P. HYATT,
*Plaintiff-Cross-Appellant*

v.

ANDREW HIRSHFELD, PERFORMING THE
FUNCTIONS AND DUTIES OF THE UNDER
SECRETARY OF COMMERCE FOR
INTELLECTUAL PROPERTY AND DIRECTOR OF
THE UNITED STATES PATENT AND TRADEMARK
OFFICE,
*Defendant-Appellant*

2018-2390, 2018-2391, 2018-2392, 2019-1038, 2019-1039,
2019-1049, 2019-1070

Appeals from the United States District Court for the
District of Columbia in Nos. 1:05-cv-02310-RCL, 1:09-cv-
01864-RCL, 1:09-cv-01869-RCL, 1:09-cv-01872-RCL, Sen-
ior Judge Royce C. Lamberth.

Decided: June 1, 2021

ANDREW M. GROSSMAN, Baker & Hostetler LLP, Wash-
ington, DC, argued for plaintiff-cross-appellant. Also rep-
resented by MARK W. DELAQUIL, JASON F. HOFFMAN.

THOMAS W. KRAUSE, Office of the Solicitor, United

---

that arose during the course of the delay. *Id.* The Court held that, by delaying to "mak[e] the term of the monopoly square with the period when the commercial profit from it would have been highest," Woodbridge "forfeit[ed] the right to a patent by designed delay." *Id.* at 56. The Court reasoned that

[a]ny practice by the inventor and applicant for a patent through which he deliberately and without excuse postpones beyond the date of the actual invention, the beginning of the term of his monopoly, and thus puts off the free public enjoyment of the useful invention, is an evasion of the statute and defeats its benevolent aim.

*Id.* at 56.

*Hyatt v. Hirshfeld,* No. 2018-2390, 2021 WL 2197394, at *9 (Fed. Cir. June 1, 2021)